502 P.2d 570

Fay L. BRANCH et al., Plaintiffs and Respondents,

v.

WESTERN FACTORS, INC., et al., and John H. Allen, Trustee for Western Factors, Inc., Bankrupt, Cross-Claimant and Respondent,

v.

Arnell HEAPS and William G. Fowler, Trustee for Western National Investment Corporation, Cross-Defendants and Appellant.

No. 12761.

Supreme Court of Utah.

Oct. 27, 1972.

William G. Fowler, Salt Lake City, for appellant.

Richard L. Bird, Jr., G. Hal Taylor, Salt Lake City, for respondents.

ELLETT, Justice.

William G. Fowler, as trustee in bankruptcy for Western National Investment Corporation, appeals from a judgment of the trial court wherein his cross-claim against Arnell Heaps was denied.

On June 22, 1962, Heaps entered into a conditional sales contract for the purchase of an apartment house. On September 3, 1963, he assigned his rights therein to a corporation, the predecessor of Western National Investment Corporation, for a parcel of unimproved real estate together with stock in the assignee. As a part of the contract of assignment the assignee agreed to hold Heaps harmless because of the failure of the assignee to pay the amount due on the contract or any installment thereof. At the time of the assignment Heaps was a stockholder and director of the assignee.

The appellant, without requesting a rescission, seeks to have that part of the agreement set aside whereby the corporation promised to hold Heaps harmless from loss. Western National Investment Corporation together with its predecessor collected rentals from the apartments for approximately four years. However, the appellant claims that there was a loss of money on the apartment house. At any rate, the corporation failed to make the payments as they became due and suffered the apartment house to be taken back on foreclosure proceedings whereby a deficiency judgment was entered against it.

The evidence given at trial was to the effect that it was the corporation which sought to trade unimproved real estate to Heaps for the apartments in order to have some income-producing property. There is no evidence of any overreaching or unfair

dealing on the part of Heaps. The evidence shows that Heaps was not present at the meeting wherein the corporation decided to trade non-income-producing land for the income-producing apartments.

The appellant claims that the apartments were overvalued and not worth as much as was due thereon and that Heaps as a stockholder and director got an advantage by reason of being relieved from a possible deficiency judgment.

A director occupies a fiduciary relationship to his corporation, and his personal dealings with the corporation may be avoided unless good faith and fairness are shown.[1]

In the case of Singer v. Salt Lake Copper Manufacturing Company[2] a director was present at a directors' meeting and voted for a transaction[3] between himself and the corporation. There were present at the meeting four of the five directors, so there was a quorum excluding the interested director. When suit was brought to foreclose the trust deed, the defense there, as in the instant matter, was that the transaction was void because of fraud and unconscionable advantage sought to be obtained. This court in holding the trust deed valid said:

. . . Where, as in the execution of the trust deed here under consideration, there is an entire absence of a want of good faith, fraud and collusion, and the corporation is yet a going concern, no sound principle of law prohibits a stockholder or director from dealing with the corporation. A corporation is an artificial entity, and one of the principal objects of its creation is to contract with individuals in due course of business. This it may do with its directors and stockholders as well as with others; and under the weight of American authority, at least, contracts made by the corporation with its officers are not void per se, but at most voidable merely, at the election of the corporation or its representatives, within a reasonable time. . . .

In the instant matter the transaction between Heaps and his corporation occurred September 3, 1963. Neither the corporation nor any stockholder or creditor thereof ever complained about the deal. The corporation collected the rentals until January, 1968, when it filed its petition in bankruptcy.

The trial court found on sufficient evidence before it that "the transaction between the cross-defendants, Arnell E.

1. 19 Am.Jur.2d, Corporations, § 1281.

2. 17 Utah 143, 53 P. 1024 (1898).

3. The directors voted to borrow $100,000 from the director and two others and to give a trust deed on the property of the company.

Heaps and Western National Investment, Inc., was made in good faith and for a fair and adequate consideration."

■ An appellate court should not reverse a trial court when the evidence is such as to sustain the findings made and the judgment rendered is based upon the facts found and in accordance with the law of the case. The judgment is affirmed, with costs to the respondent.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.