Donald J. RICHARDSON, Grove L. Cook and Wayne Weaver, Individually and for and on behalf of all similarly situated shareholders of Major Oil Corporation, Plaintiffs and Respondents,

v.

ARIZONA FUELS CORPORATION, a Utah Corporation, Eugene Dalton, an Individual, Deanna J. Dalton, an Individual, and Major Oil Corporation, a Utah Corporation, Defendants and Appellants.

No. 15691.

Supreme Court of Utah.

May 1, 1980.

LeRoy S. Axland and David R. Olsen, of
Suitter, Axland & Armstrong, Salt Lake
City, for defendants and appellants.

Paul N. Cotro-Manes, Parker M. Nielson,
Salt Lake City, for plaintiffs and respondents.

STEWART, Justice:

We here review on interlocutory appeal an order of the district court of Salt Lake County appointing a receiver for defendant Major Oil Corporation (hereafter "Major") and certifying this case as a class action. All references to rules refer to the Utah Rules of Civil Procedure.

Plaintiffs Donald J. Richardson, Grove L. Cook, and Wayne Weaver are stockholders of Major who brought this action individually and on behalf of all other stockholders of Major. The original complaint named as defendants Arizona Fuels, Inc.; Eugene Dalton; and Deanna J. Dalton. Arizona Fuels is alleged to be the legal or beneficial owner of 47% of the issued and outstanding shares of stock of Major. Eugene Dalton is alleged to be the controlling stockholder, officer and director of Arizona Fuels and the controlling officer and director of Major. Deanna Dalton is alleged to be an officer and director of both Major and Arizona Fuels.

The complaint was subsequently amended, *inter alia*, to name Major as an involuntary defendant, pursuant to Rule 19(a). The amended complaint describes this action as one brought as a class action pursuant to Rule 23 and as a stockholders' derivative action pursuant to Rule 23.1. Plaintiffs moved for an order certifying this suit as a class action and for appointment of a receiver for Major pursuant to Rule 66. Both motions were granted by the district court.

Defendants attack the order on the grounds (1) that the appointment of a receiver was not justified, (2) that certification of all the claims in the suit as a class action was improper, and (3) alternatively, that the district court erred in not designating under which subsection of Rule 23(b) this action is to proceed. Plaintiffs' motions were granted solely on the basis of the verified amended complaint.

■ We first consider the propriety of the appointment of a receiver. The ground for appointment, as stated in the amended complaint, is that the defendants' conduct has caused Major to become insolvent or placed Major in imminent danger of becoming insolvent. Rule 66(a)(5) permits appointment of a receiver "[i]n cases where a corporation . . . is insolvent or in imminent danger of insolvency . . . ."

The authorities are generally in agreement that the appointment of a receiver for a corporation is permissible at the request of stockholders of the corporation suing either individually or on behalf of the corporation. 3 *Clark on Receivers* § 738(d) (3rd ed. 1959); 16 Fletcher, *Cyclopedia of the Law of Private Corporations* § 7688 (rev. perm. ed. 1979) (hereinafter cited as "Fletcher"); 65 Am.Jur.2d *Receivers* § 11 (1972); 19 C.J.S. *Corporations* § 833c. (1940). Defendants attack the appointment on the ground that it is not justified by allegations on information and belief, even though those allegations were stated in a verified complaint. The amended complaint contains numerous allegations based on information and belief of fraudulent and otherwise wrongful conduct on the part of defendants. The allegations specify suspect transactions and state details of alleged fraud. The allegations requesting appointment of a receiver, however, are made without any qualification as to information and belief, and these allegations are not controverted by defendants, either by pleading or affidavit.

In determining whether a receiver should be appointed, the district court should consider the pleadings as a whole. Receivers have historically been appointed in cases where misappropriation of corporate assets by corporate insiders is asserted. *Stevens v. South Ogden Land, Bldg. & Improvement Co.*, 14 Utah 232, 47 P. 81 (1896); *Bookout v. Atlas Financial Corp.*, 395 F.Supp. 1338 (D.Ga.1974). If defendants seriously contend that insolvency is not imminent or that a receivership is not appropriate under the circumstances, they had abundant opportunity to provide factual support for their contention. The record discloses that they did not do so.

The appointment of a receiver is among those discretionary powers subject to review for abuse, but we cannot find abuse where the ground for appointment is stated in the language of the rules and remains uncontroverted through a full hearing with extensive preliminary written memoranda.

The next issue is whether the district court erred in certifying this matter as a class action. It is alleged in the amended complaint that "some" of the causes of action found therein belong to Major, and that as to those causes plaintiffs bring the suit derivatively on behalf of the corporation pursuant to Rule 23.1.

■ A class action and a derivative action rest upon fundamentally different principles of substantive law; to ignore those differences is not a minor procedural solecism. A derivative action must necessarily be based on a claim for relief which is owned by the stockholders' corporation. Indeed, a prerequisite for filing a derivative action is the failure of the corporation to initiate the action in its own name. The stockholder, as a nominal party, has no right, title or interest whatsoever in the claim itself—whether the action is brought by the corporation or by the stockholder on behalf of the corporation.

■ A class action, on the other hand, is predicated on ownership of the claim for relief sued upon in the representative of the class and all other class members in their capacity *as individuals.* Shareholders of the corporation may, of course, have claims for relief directly against their corporation because the corporation itself has violated rights possessed by the shareholders, and a class action would be an appropriate means for enforcing their claims. A recovery in a class action is a recovery which belongs directly to the shareholders. However, in a derivative action, the plaintiff shareholder recovers nothing and the judgment runs in favor of the corporation.

The difference in the two procedures and their relationship to underlying substantive law has been stated as follows:

Suits which are said to be derivative, and therefore come within the rule, are those which seek to enforce any right which belongs to the corporation and is not being enforced, such as the liability of corporate officers or majority shareholders for mismanagement, to recover corporate assets and related claims, to enforce rights of the corporation by virtue of its contract with a third person, and to enjoin those in charge of the corporation from causing it to commit an ultra vires act. [Footnotes omitted.] [3B *Moore's Federal Practice* ¶ 23.1.16[1] (2nd ed. 1980).]

On the other hand,

[i]f the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation, as where the action is based on a contract to which he is a party, or on a right belonging severally to him, or on a fraud affecting him directly, it is an individual action. [Footnotes omitted.] [13 Fletcher § 5911 (1970).]

It is the duty of the district court to apply carefully the criteria set forth in Rule 23(a) and (b) to the facts of the case to determine whether an action may be maintained as a class action. 3B *Moore's Federal Practice* ¶ 23.5. If the criteria of Rule 23 are complied with, it is within the sound discretion of the district court to determine whether a suit, or some of the issues in a lawsuit, should proceed as a class action. *Id.*

In this case, neither the memorandum decision nor the order of the district court does any more than recite that the suit may be maintained as a class action. Furthermore, the amended complaint in alleging that the action should be maintained as a class action, does no more than mimic the language of Rule 23. As was pointed out in *Jones v. Diamond*, 519 F.2d 1090, 1098 (5th Cir. 1975), "Without more, mere mimicry is insufficient to undergird a decision either way on the propriety of class certification." See also *Rossin v. Southern Union Gas Co.*, 472 F.2d 707, 712 (10th Cir. 1973); *Weathers v. Peters Realty Corp.*, 499 F.2d 1197,

1200 (6th Cir. 1974). We therefore direct our attention to the contents of the verified amended complaint, which was the basis upon which the district court made its determination.

The amended complaint states twelve causes of action, the first eight of which allege some fraudulent appropriation of or scheme to appropriate Major's assets by defendants. These causes of action seek to require the defendants to disgorge and return to Major the assets wrongfully obtained. Of the remaining four causes, three seek compensatory or punitive damages for injury attributable to alleged breaches of fiduciary duty implicit in the fraudulent acts enumerated in the first eight causes. The final cause of action seeks appointment of a receiver.

There is no doubt that the first eight causes of action allege injury to the corporation only. The injury alleged can be asserted by plaintiffs only derivatively as stockholders on behalf of the corporation. This leaves the ninth, tenth and eleventh causes of action to be analyzed to determine if they state claims which may be pursued by the stockholders as a class to redress injuries to the stockholders as individuals.

The ninth cause of action alleges initially that the defendants "breached their fiduciary duties to Major Oil and to its stockholders . . . ." As a general rule, directors and other officers of a corporation stand in a fiduciary relation to the corporation. *Branch v. Western Factors, Inc.*, 28 Utah 2d 361, 502 P.2d 570 (1972); 3 Fletcher § 838. While the statement is made that directors and officers stand in a like relation to the stockholders of the corporation, 3 Fletcher § 838, in Utah it is clear that that relation is to the stockholders *collectively*. *Jones Min. Co. v. Cardiff Min. & Mill. Co.*, 56 Utah 449, 456, 191 P. 426, 428 (1920); accord, *Hansen v. Granite Holding Co.*, 117 Utah 530, 218 P.2d 274 (1950); 3 Fletcher § 838 at 144. The distinction between a fiduciary duty owed to the corporation as a whole as opposed to the stockholders collectively does not appear to be one of substance in this case. There is no impor-

tant issue as to whether the cause of action states a corporate claim. Although plaintiff frames this claim, in the alternative, as one belonging to the shareholders, the claim for relief belongs to the corporation.

■ The ninth cause of action then goes on to allege that the defendants "mismanaged the corporate and prudential affairs of Major Oil . . . ." The rule in Utah is that mismanagement of the corporation gives rise to a cause of action in the corporation, even if the mismanagement results in damage to stockholders by depreciating the value of the corporation's stock. *Morris v. Ogden State Bank*, 84 Utah 127, 140–41, 28 P.2d 138, 143 (1934). Therefore, any compensatory damages which may be recovered on account of any breach by defendants of their fiduciary duty as directors and officers or arising as a result of mismanagement of the corporation by defendants belong to the corporation and not to the stockholders individually.

■ The ninth cause of action also prays for punitive damages based on the nature of defendants' conduct. Because there is no claim for relief for punitive damages as such, a claim for punitive damages must be related to an underlying cause of action on which the punitive damages may be based. *Graham v. Street*, 2 Utah 2d 144, 270 P.2d 456 (1954); 22 Am.Jur.2d *Damages* § 241 (1965). Since we have concluded that the other aspects of the ninth cause of action state a corporate claim, the punitive damages claim alleged must likewise belong to the corporation. In short, the ninth cause of action states a claim belonging to the corporation and precludes that claim from being alleged as a class action.

■ The tenth cause of action alleges that the defendants "defrauded the stockholders of Major Oil Company . . . ." The fraud is premised on defendants' fiduciary duty owed to the stockholders of the corporation. That duty is alleged to have been breached in six particulars. Each of the six alleged defalcations states a claim belonging to the corporation and not to the stockholders or any of them individually. The tenth cause of action is rounded out by allegations of the defendants' knowledge of their wrongful conduct, the reasonable reliance of the plaintiffs on defendants' performance of defendants' fiduciary duties, and the resulting damage to the stockholders. However, in no regard can the tenth cause of action be interpreted as stating a claim belonging to the stockholders individually, and therefore that claim for relief will not support a class action.

■ The eleventh cause of action alleges the possibility of other conversions of Major's assets and alleges that the defendants should be required to account to the stockholders for all of the assets of Major and disgorge themselves of any assets so converted. This claim also clearly belongs to the corporation.

Although class actions have historical antecedents in rules of equity that go back several centuries in English jurisprudence,[1] it is not to be gainsaid that the modern class action rule is one of the most far-reaching and important changes in legal procedure in many a decade. Its impact on the enforcement of consumer rights, antitrust claims, securities claims and civil rights actions, to name but a few areas, has been monumental. However, the class action device, if used inappropriately and in lieu of a derivative action, is likely to result in grave injustices, not the least of which is the diversion of assets recovered in a lawsuit from creditors of a corporation to stockholders, thereby reversing long established substantive rules of law as to the relative priorities of the claims of creditors and stockholders to the assets of an insolvent corporation.

We therefore reverse the district court's certification of this suit as a class action and remand for further proceedings not inconsistent with this opinion.

Costs to Defendants.

CROCKETT, C. J., and WILKINS, MAUGHAN and HALL, JJ., concur.

---

1. See Chaffee, *Some Problems of Equity* (1950); 3B *Moore's Federal Practice* ¶ 23.02[1].