**Raymond R. LOCHHEAD, Plaintiff,**

**v.**

**Enes "Sam" ALACANO; George D. Morgan; William G. Gee; David L. Reynolds; Don J. Edwards as Trustee of the Don Edwards Family Trust; Kathleen M. Alacano; and Bernice F. Reynolds, Defendants.**

**Civ. No. 86-C-0875A.**

United States District Court, D. Utah, C.D.

June 22, 1987.

Peter Stirba, Benson L. Hathaway, Jr., McKay, Burton & Thurman, Salt Lake City, Utah, Guy R. Lochhead, Pasadena, Cal., for plaintiff.

Richard W. Giauque, Richard W. Casey, Scott M. Lilja, Giauque, Williams, Wilcox & Bendinger, Salt Lake City, Utah, for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

ALDON J. ANDERSON, Senior District Judge.

### I. INTRODUCTION

Plaintiff, formerly a minority shareholder in Arctic Circle, Inc., has sued defendants, former officers and directors of Arctic Circle, claiming that they breached a fiduciary duty owed to him as a shareholder; violated section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78j(b)) and its corollary Rule 10b–5 (17 C.F.R. § 240.10b–5); and committed common law fraud upon him. Plaintiff's First Amended Complaint alleges that defendants fraudulently issued to themselves options to purchase Arctic Circle stock from the corporation at prices far below fair market value, thereby diluting plaintiff's interest in the company without giving fair consideration.[1] Plaintiff claims that defendants devised this scheme and intentionally concealed their activities from him in anticipation of the November 1985 merger of Arctic Circle into Quaker State Minit-Lube, Inc. Plaintiff maintains that defendants' object was to increase their own proportionate ownership of Arctic Circle and thereby obtain more shares of Quaker State stock than they were entitled to at the expense of plaintiff and Arctic Circle's other minority shareholders.

Specifically, plaintiff alleges that the stock option plan adopted by defendants in 1982 was never approved by Arctic's shareholders in that no notice of a shareholders' meeting was sent to the shareholders and,

---

1. The options issued under the 1976 plan were exercised during the period from January 1984 to September 1985 and those issued under the 1982 plan were exercised from August 1985 to October 1985.

in fact, no meeting ever occurred. Plaintiff claims that defendants fabricated minutes of a shareholders' meeting for which notice was purportedly sent and at which the stock option plans were purportedly approved by the shareholders.[2] Plaintiff further alleges that defendants fraudulently concealed from Quaker State the circumstances surrounding the supposed adoption of the 1982 plan and that Quaker State accordingly failed to disclose the alleged improprieties to Arctic Circle's shareholders in the Prospectus and Registration Statement which it published in connection with the merger. Plaintiff requests damages of $1,391,790 representing the value of the Quaker State stock of which he claims to have been illegally deprived.

Defendants have requested dismissal of plaintiff's breach of fiduciary duty claim, arguing that directors and officers of a corporation owe a fiduciary duty only to the corporation and not to individual shareholders. Defendants have also moved for dismissal of plaintiff's 10b–5 and common law fraud claims on grounds, inter alia, that plaintiff has failed to plead his claims of fraud with the particularity required by Federal Rule of Civil Procedure 9(b).[3]

## II. BREACH OF FIDUCIARY DUTY

Defendants have filed a 12(b)(6) motion asserting that under Utah law directors and officers of a corporation owe a fiduciary duty not to individual shareholders, but only to the corporation. To the extent this accurately characterizes the state of the law in Utah, plaintiff would be permitted to bring his suit for breach of fiduciary duty only derivatively and not, as plaintiff has done, individually. A fiduciary duty carries with it an obligation to deal fairly and openly with those to whom the duty is owed. *Nash v. Craigco, Inc.*, 585 P.2d 775 (Utah 1978). As to corporate directors and officers, the majority rule is that the duty

is owed to the corporation itself and to the shareholders only collectively. 3 W. Fletcher, *Cyclopedia on the Law of Private Corporations*, § 848 at 218 (rev. perm. ed. 1986). The minority rule is that the duty runs also to the corporation's shareholders as individuals and a few jurisdictions adhere to the intermediate position that directors owe a limited fiduciary duty to individual shareholders in stock transactions with the shareholders. *Shermer v. Baker*, 2 Wash.App. 845, 472 P.2d 589 (1970). The rationale for the majority position is apparently that directors resemble trustees of the corporation which has been placed in their care, but are not trustees of individual shares of stock owned by the shareholders. The editors of *Fletcher* are unpersuaded by this reasoning and consider the minority position to be the better rule.

It is clear, however, that Utah adheres to the majority position that a director's duty runs only to the corporation. In 1980, the Utah Supreme Court wrote:

"While the statement is made that directors and officers stand in a like relation to the stockholders of the corporation, 3 Fletcher § 838, in Utah it is clear that that relation is to the stockholders *collectively.*" (emphasis in the original).

*Richardson v. Arizona Fuels Corp.*, 614 P.2d 636, 639 (Utah 1980). *See Jones Mining Co. v. Cardiff Mining & Mill Co.*, 56 Utah 449, 456, 191 P. 426, 428 (1920).

None of the three Utah cases which plaintiff brings to the court's attention refutes the proposition stated in *Richardson*. Most nearly on point is the following statement from *Nicholson v. Evans*, 642 P.2d 727, 730 (Utah 1982): "Directors and officers have a fiduciary duty of loyalty to their corporation and its stockholders." It is unlikely, however, that this passing reference to stockholders was intended to reverse the Court's strong declaration just

---

2. Plaintiff additionally claims that both the adoption of the stock option plans and the subsequent issuance of the options at prices substantially below fair market value violated the terms of the plans themselves.

3. Defendants also argue that plaintiff has not alleged reliance upon defendant's supposed omissions as is required to state 10b–5 and common law fraud claims. Since the court grants defendant's Rule 9(b) motion, however, there is no need to address the reliance issue at this time.

two years earlier in *Richardson*, especially since the *Nicholson* case involved a suit by a parent corporation against its former directors and its subsidiary corporation and the question of a duty running to the shareholders as individuals was not at issue.

Plaintiff also cites *Rio Algom Corp. v. Jimco LTD.*, 618 P.2d 497, 504 (Utah 1980). This case, however, merely stands for the proposition that majority shareholders are obliged not to vote their stock to defraud minority shareholders. There can be no doubt as to the truthfulness of this statement, but it does not explain to whom the duty is owed. As in *Nicholson*, the court had no opportunity to decide whether a duty was owed to shareholders.

Finally, plaintiff proffers *Elggren v. Woolley*, 64 Utah 183, 228 P. 906 (1924), a sixty-seven year old case that did not even involve an action for breach of fiduciary duty. The *Richardson* position therefore represents this court's best estimate of Utah's position on the subject. In Utah, it appears that no fiduciary duty runs from directors and officers to individual shareholders. Where there is no duty there can be no breach of the duty and no claim can arise in the shareholder.

In *Richardson*, 614 P.2d at 639, the Utah Supreme Court set out the distinction between primary and derivative suits. Quoting from leading treatises on the subject, the court said that a suit is derivative if the plaintiff seeks to enforce any right which belongs to the corporation, as where he seeks recovery of corporate assets or compensation from officers or majority shareholders for their mismanagement of the corporation. On the other hand, the action is primary if the right belongs to the plaintiff severally or if the defendant's fraud affected him directly.

The facts alleged in this case strongly suggest that it is the corporation rather than plaintiff which has suffered the primary injury. In essence, plaintiff asserts that defendants have misappropriated corporate assets under an alleged claim of right by fraudulently issuing stock out of the corporate treasury. Courts have uniformly held that misappropriation of assets injures the corporation primarily and individual shareholders only derivatively. *Zeiler v. Work Wear Corp.*, 450 F.Supp. 891 (S.D.N.Y.1978); *Kirk v. First National Bank of Columbus*, 439 F.Supp. 1141 (M.D.Ga.1977). Moreover, the Tenth Circuit has approved of suing derivatively in challenging an allegedly improper issuance of corporate shares. *Eastern Oklahoma Television Co. Inc. v. Ameco Inc.*, 437 F.2d 138 (10th Cir.1971).

That the claimed injury in this case was incurred by the corporation is corroborated by the statement of plaintiff's counsel at oral argument that there were approximately 25 to 30 minority shareholders of Arctic Circle before the merger with Minit-Lube. This suggests that plaintiff was merely one of many injured shareholders. It has been held that wrongful acts injuring holders of a particular class of stock give rise to a derivative suit only. *Clinton Hudson & Sons v. Lehigh Valley Cooperative Farms*, 73 F.R.D. 420 (E.D.Pa.1977), aff'd, 586 F.2d 834 (3d Cir.1978).[4]

Dismissal is proper under Rule 12(b)(6) where the plaintiff fails to state a claim upon which relief can be granted. For the foregoing reasons, plaintiff's claim for breach of fiduciary duty should be dismissed under Rule 12(b)(6).

### III.  RULE 9(b) MOTION

Although Rule 9(b) requires particularity in pleading only for fraud claims,

---

**4.** It should be noted that Arctic Circle has been merged into Minit-Lube and any recovery would properly repose in the coffers of Quaker State, thereby benefiting many Quaker State shareholders who have suffered no harm. There would appear to be no obstacle to implementing a derivative recovery in the event plaintiff prevailed on the merits of his claim. There is ample authority for permitting a pro rata recovery to the injured shareholders in such cases. *Perlman v. Feldman*, 219 F.2d 173 (2d Cir.1955), *cert. denied*, 349 U.S. 952, 75 S.Ct. 880, 99 L.Ed. 1277 (1955); *Downey v. Veritron Corp.*, 559 F.Supp. 1081, 1086 (D.Mass.1982).

It should also be noted that if plaintiff brings suit derivatively, he must comply with the demand requirements of Rule 23.1.

it is clear that plaintiff's 10b–5 and breach of fiduciary duty claims must also be pled with particularity.[5] Rule 10b–5 is essentially a codified variant of the common law fraud claim and it is well established that particularity is required in pleading a violation of 10b–5. *Decker v. Massey-Ferguson, LTD.,* 681 F.2d 111 (2d Cir.1982); *Moran v. Kidder Peabody & Co.,* 609 F.Supp. 661 (D.C.N.Y.1985), *aff'd,* 788 F.2d 3 (2d Cir.1986); *Baselski v. Paine, Webber, Jackson & Curtis, Inc.,* 514 F.Supp. 535, 540 (N.D.Ill.1981). Similarly, a claim for breach of fiduciary duty must be pled with particularity where the alleged breach itself is a scheme to defraud. *Thornton v. Evans,* 692 F.2d 1064, 1083 (7th Cir.1982); *Robison v. Caster,* 356 F.2d 924, 925 (7th Cir.1966). And the mere fact that fraud is not specifically alleged in a claim does not mean that it need not be pled with particularity if the basis of the claim is fraudulent activity. *Simcox v. San Juan Shipyard, Inc.,* 754 F.2d 430 (1st Cir.1985). *Tryforos v. Icarian Development Co. S.A.,* 47 F.R.D. 191 (N.D.Ill.1969), *cert. denied,* 423 U.S. 1091, 96 S.Ct. 887, 47 L.Ed.2d 103 (1976). Each of plaintiff's three claims, therefore, must be dismissed if they are not adequately pled under Rule 9(b).

The standard of specificity under Rule 9(b) does not lend itself to simple formulation, turning as it must on the particular facts of each case. Where material omissions are alleged, the complaint should at a minimum explain the content of the omission, identify the persons who were obliged to provide the information, and state the time, place and manner in which the information should have been disclosed. The allegations should be made with such definiteness and certainty as to satisfy the court that if proved, the allegations would support a judgment in plaintiff's favor.

■ Plaintiff's First Amended Complaint is defective in several respects. Plaintiff names seven individual defendants who, he claims, defrauded him by intentionally failing to notify him of the purported 1982 shareholders' meeting. Plaintiff fails to specify facts from which a reasonable inference may be drawn as to who may have had a duty to send such notice. Clearly no fraud claim could stand against those who were under no obligation to notify shareholders.

. ■ Similarly, plaintiff claims that "at least one" of the defendants, namely George Morgan, falsified the minutes of the June 25, 1982 meeting. Such an allegation is not sufficient under Rule 9(b) because it effectively leaves each defendant open to the accusation without providing particular support for such a charge. One of the primary reasons for Rule 9(b) and the characteristic which sets fraud claims apart from many other causes of action is that accusations of moral turpitude should not be lightly made. This consideration is especially relevant where, as here, the plaintiff broadly accuses a large number of defendants of intentional wrongdoing.

Where the plaintiff lacks first-hand knowledge, he should state the facts upon which his belief is founded. *Wayne Investment, Inc. v. Gulf Oil Corp.,* 739 F.2d 11, 13 (1st Cir.1984); *Fein v. Shearson Hayden Stone Inc.,* 461 F.Supp. 137, 143 (S.D.N.Y.1978). Plaintiff's First Amended Complaint fails to state the facts upon which plaintiff bases his belief that no meeting occurred on June 25, 1982. And although plaintiff has submitted affidavits of other minority shareholders attesting that they received no notice of any meeting in June 1982, affidavits by themselves are insufficient to meet the 9(b) particularity requirement. Sufficiency of 9(b) rises and falls upon the allegations presented in the complaint. *Reiver v. Photo Motion Corp.,* 325 F.Supp. 214, 216 (E.D.Pa.1971).

A complaint which fails to meet the Rule 9(b) specificity requirements is properly dismissed. *Segal v. Gordon,* 467 F.2d 602 (2d Cir.1972); *Salwen Paper Co., Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 79 F.R.D. 130, 134 (S.D.N.Y.1978).

---

**5.** Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

## IV.  CONCLUSION

For the reasons given in Parts II and III of this opinion, IT IS HEREBY ORDERED:

1.  That plaintiff's claim for breach of fiduciary duty is dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and

2.  That plaintiff's claims for Rule 10b–5 violations and common law fraud are dismissed pursuant to Rule 9(b) with leave to amend within 20 days.