Leontine C. POND and Merle G. Hyer Company, a Utah corporation, Plaintiffs and Appellants,

v.

EQUITABLE LIFE AND CASUALTY INSURANCE COMPANY, a Utah corporation; Insurance Investment Company, a Utah corporation; R. Earl Ross; E. Roderick Ross; Galen J. Ross; David E. Ross II; Diane Ross Worthen; Betsy Ross Rapps; Connie Ross; and Does I through 20, Defendants and Appellees.

No. 920759–CA.

Court of Appeals of Utah.

April 12, 1994.

Rehearing Denied May 3, 1994.

Lynn P. Heward and Delwin T. Pond, Salt Lake City, for plaintiffs and appellants.

Jay B. Bell and P. Bruce Badger, Salt Lake City, for defendants and appellees.

Before DAVIS, JACKSON and ORME, JJ.

DAVIS, Judge:

Appellants, Leontine C. Pond et al., appeal the trial court's denial of their motion for class certification and two partial summary judgments that effectively dismissed their claims. We affirm.

Appellee Insurance Investment Company (IIC) is a holding company owning a majority of the shares of appellee Equitable Life and Casualty Insurance Company (Equitable). The individual defendants have, or have had, various interests in IIC and in Equitable, and of them, defendants David E. Ross II, Galen J. Ross, and Betsy Ross Rapps constitute the "Selling Group."

Equitable purchased both common and preferred IIC shares, Equitable shares, and other assets from the Selling Group in order to prevent a hostile takeover and stabilize the companies. Appellants collectively hold a six percent, noncumulative, nonvoting, preferred IIC stock with a $1 par value. Appellants claim IIC should have offered to purchase their shares at the same price paid to the Selling Group, which, they believe, was a favorable price.

Despite the fact that they were not Equitable shareholders, Appellants sued Equitable together with the other defendants. Appellants brought their suit as individuals and not on behalf of any corporation. They sought class action status, claiming that all IIC shareholders, with the exception of R. Earl Ross (Earl), E. Roderick Ross (Rod) and their relatives (the Ross family), should be certified as part of the class. The trial court denied the motion for class certification.

Appellants claimed IIC underwent a "partial liquidation" when Equitable made the purchase from the Selling Group and that IIC should allow them their distribution rights pursuant to this partial liquidation and to IIC's Articles of Incorporation II. These amended articles of incorporation read as follows:

> In the event of any liquidation, dissolution or winding up of this corporation, the holders of Preferred Stock shall be entitled to be paid in full the par value thereof before any amount shall be paid or any assets distributed to the holders of Common Stock Class "A", and after the payment to the holders of Common Stock Class "A" of an amount equal to the par value of said Common Stock Class "A" the remaining assets of this corporation shall be divided and paid to the holders of Preferred Stock and the holders of Common Stock Class "A" according to the number of their respective shares.

Equitable moved for partial summary judgment to dispose of Appellants' claim that a partial liquidation of IIC had occurred, thus entitling IIC shareholders to their distribution rights. In support of its motion, Equitable submitted affidavits, prepared by Earl, which allege (1) IIC never dissolved or liquidated its assets, wound down its affairs, or ceased to exist as a corporate entity; and (2) IIC's sole business activity of holding Equitable stock has not been altered as a result of Equitable's purchase of IIC preferred stock from the Ross family. Appellants never disputed these allegations.

Appellants also claimed Equitable breached its fiduciary duty to them as de facto minority shareholders of Equitable. The court ruled against this claim pursuant to Equitable's second motion for partial summary judgment.

Appellants appeal the denial of class certification and the two partial summary judgments.

## ISSUES ON APPEAL

We address two of Appellants' claims on appeal. Those claims are that the court erred in granting partial summary judgment because (1) a "partial liquidation" had occurred, thus entitling Appellants to their IIC distribution rights pursuant to the corporation's amended articles of incorporation; and (2) Equitable officers and directors breached their fiduciary duty in excluding Appellants in the distribution and liquidation of IIC assets.[1]

1. We do not reach the issue of whether the court correctly declined to grant Appellants' class ac-

## STANDARD OF REVIEW

■ A trial court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c). We independently review a summary judgment as a matter of law and do not defer to the trial court. *Cannon v. University of Utah*, 866 P.2d 586, 588 (Utah App.1993).

## LIQUIDATION

Appellants claim the court erred in holding that IIC had experienced no liquidation as contemplated in its amended articles of incorporation. Appellants claim that when Equitable purchased the Selling Group stock, which it claims amounted to one third of the outstanding shares, IIC experienced a partial liquidation. Appellants claim the remaining IIC shareholders should therefore be allowed their distribution rights pursuant to IIC's amended articles of incorporation. Appellants do not explain how IIC could be liquidated when none of its assets were disposed of, and when similar assets, including Equitable stock, were acquired by its subsidiary from third parties.

■ Shareholders of a given corporation may have claims for relief directly against the corporation because it has violated rights possessed by the shareholders. *Richardson v. Arizona Fuels Corp.*, 614 P.2d 636, 638 (Utah 1980). However, the claim for distribution rights is assertable against IIC and not against Equitable.

Appellants counter, claiming that as IIC shareholders, they are de facto minority shareholders of Equitable. However, on appeal they do not point to an attempt in these proceedings to pierce IIC's corporate veil.

Moreover, the amended articles of incorporation suggest that "any liquidation" would necessarily involve a complete liquidation because the amended articles mandate that upon "any liquidation ... the remaining assets of this corporation shall be divided and paid."

■ Finally, Appellants never provided any evidence of the disposition of IIC's assets. Nor did they dispute affidavits, prepared by Earl, that (1) IIC never dissolved or liquidated its assets, wound down its affairs, or ceased to exist as a corporate entity; and (2) IIC's sole business activity of holding Equitable stock has not been altered as a result of Equitable's purchase of IIC preferred stock from the Ross family.

Thus, the trial court correctly granted summary judgment denying Appellants' claim that IIC had undergone a partial liquidation pursuant to its amended articles of incorporation. We therefore affirm the trial court's summary judgment regarding the issue of IIC's liquidation.

## FIDUCIARY DUTY TO HOLDING COMPANY

Appellants claim the trial court erred in granting summary judgment on their claim that Equitable's officers and directors owe a fiduciary duty to them because they are shareholders of Equitable's holding company.

■ Directors and officers of a corporation owe a fiduciary duty to their corporation. *Richardson v. Arizona Fuels Corp.*, 614 P.2d 636, 639 (Utah 1980). Any fiduciary duty owed to shareholders of a corporation is owed to the shareholders collectively and not individually. *Id.*

■ Thus, applying the law to the undisputed facts, Appellants' claim fails on two bases. First, they are IIC shareholders and not Equitable shareholders and thus cannot establish a fiduciary relationship between them and Equitable. Second, if they could show such a relationship, it would be owed to them collectively and not individually. In short, such a claim for relief would belong to Equitable and would need to be brought derivatively by its shareholders. *See id.* at 640.

Because Appellants are not Equitable shareholders and because their claim cannot

tion certification because we conclude that the trial court correctly determined that Appellants'

other two claims fail.

be raised individually, their claim fails. Thus, the trial court did not err in granting summary judgment relating to these claims. Affirmed.

JACKSON and ORME, JJ., concur.