**In re Lowell J. STONE, Debtor.**

**Lew JOSEPH, Ralph Vanderheide, Judith Vanderheide, and all others similarly situated, Plaintiffs,**

v.

**Lowell J. STONE, d/b/a 550 Ltd., a Utah Limited Partnership, Defendant.**

**No. 87–C–0878A.**

United States District Court, D. Utah, C.D.

Sept. 27, 1988.

Edward T. Wells, and Joel D. Berrett, Salt Lake City, Utah, for plaintiffs.

Richard F. Bojanowski, Salt Lake City, for debtor.

## MEMORANDUM DECISION

ALDON J. ANDERSON, Senior District Judge.

This is an appeal from a bankruptcy court decision issued September 28, 1987, dismissing claims that debts owed by the debtor to appellants should be determined nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(4).

Edward T. Wells and Joel D. Berrett appeared on behalf of appellants Lew Joseph and Ralph and Judith VanderHeide, while Richard J. Bojanowski appeared on behalf of Lowell J. Stone, the appellee.

## FACTUAL BACKGROUND AND PROCEEDINGS BELOW

Defendant Lowell J. Stone filed a Petition in Bankruptcy in 1984. Shortly thereafter, the appellants filed an Adversary Complaint against Stone seeking a judgment and order declaring the judgment to be non-dischargeable pursuant to 11 U.S.C. § 523. On May 3, 1985, an amended complaint was filed.

Stone's obligations to the appellants arose out of investments in 550 Ltd., a Limited Partnership of which Stone was the general partner and the appellants were limited partners. 550 Ltd. was a Utah Limited Partnership formed in 1977 for the purpose of purchasing an office

building located in Ogden, Utah. The Partnership contained fifteen (15) units which could be purchased by general or limited partners.

The VanderHeide appellants claim that the debtor violated 11 U.S.C. § 523(a)(2)(A) by falsely representing the nature and potential success of the limited partnership. All appellants claim that the debtor violated 11 U.S.C. § 523(a)(4) by breaching fiduciary duties owed to the limited partners. These purported breaches of fiduciary duty stem from alleged improper business decisions made by the debtor in his capacity as general partner of 550 Ltd.

This adversary proceeding was tried on September 1, 1987. At the conclusion of appellants' case, Stone moved to dismiss the action for failure to state a claim for which relief can be granted. This motion was granted by the Bankruptcy Court. On appeal, this court remanded the case and instructed the bankruptcy court to make findings of fact and conclusions of law. The bankruptcy court subsequently issued the findings of fact and conclusions of law, finding that the appellants failed to demonstrate by clear and convincing evidence that the debtor obtained money, property or services by false pretenses, a false representation or actual fraud in violation of § 523(a)(2)(A). The court also held that assuming [1] that Stone was a fiduciary, appellants failed to demonstrate that he breached his fiduciary duty within the meaning of 11 U.S.C. § 523(a)(4).

## DISCUSSION

Under Bankruptcy Rule 8013, the district court must accept findings of fact unless those findings are clearly erroneous. *In re Yeates*, 807 F.2d 874, 876 (10th Cir.1986). Courts of appeal have strictly applied this standard giving due deference to the Bankruptcy Court's opportunity to judge the evidence and the credibility of the witnesses. *In re Eskenazi*, 6 B.R. 366, 369 (9th Cir. BAP 1980). Questions of law, however, are freely reviewable on appeal. *In re Yeates*, 807 F.2d 874, 877 (10th Cir.1986). *See e.g. Jarboe v. United Bank (In re Golf Course Builders Leasing, Inc.)*, 768 F.2d 1167, 1169 (10th Cir.1985).

Exceptions to discharge are construed narrowly, and the burden of proving that a debt falls within a statutory exception is on the party opposing discharge. *In re Black*, 787 F.2d 503, 505 (10th Cir.1986). A central purpose of bankruptcy legislation is to provide the debtor with comprehensive relief from the burden of his debts by discharging virtually all financial obligations. *Matter of Cross*, 666 F.2d 873, 879 (5th Cir.1982). Therefore, courts have narrowly construed exceptions to discharge in favor of the debtor in order to not frustrate this fundamental policy of promoting the debtor's fresh start. *In re Twitchell*, 91 B.R. 961, 963 (D.Utah 1988).

1. § 523(a)(2)(A) Exception to Discharge.

The VanderHeide appellants claim that the debtor obtained property by false pretenses in violation of 11 U.S.C. § 523(a)(2)(A) by falsely representing to the appellants that 1) appellant's investment in 550 Ltd. would double or triple in value; 2) that a ready market existed for the shares in the partnership; and 3) the partnership shares would increase in value over time.

11 U.S.C. § 523(a)(2)(A) provides, in pertinent part:

> A discharge ... does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud....

Under this section, appellant must prove (1) that the claimed representations were made; (2) that at the time they were made defendant knew they were false; (3) that they were made with the intention and purpose of deceiving appellant; (4) that

---

**1.** Although the trial transcript suggests that the Bankruptcy court found that the debtor owed fiduciary obligations to the plaintiffs, this court will rely on the subsequent written findings of fact and conclusions of law that do not specifically hold that the debtor was a fiduciary, but assume that even if he was a fiduciary, he did not violate § 523(a)(4).

appellant relied on such representation; and (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. *In re Hospelhorn*, 18 B.R. 395, 397–98 (Bankr.S.D.Ohio 1981).

For a debt to be declared nondischargeable under this subsection, each of the five elements set forth above must be proven. *In re Cokkinias*, 28 B.R. 304, 306 (Bankr. D.Mass.1983); *In re Geyen*, 11 B.R. 70, 71 (Bankr.W.D.La.1981).

The representations that violate § 523(a)(2)(A) must be of a past or existing facts; a promise or representation of intention to act is insufficient. *In re Ayers*, 25 B.R. 762, 772 (Bankr.M.D.Tenn.1982). Thus, "a mere promise to be executed in the future is not sufficient to make a debt non-dischargeable, even though, there is no excuse for the subsequent breach." *In re Geyen*, 11 B.R. at 72 (Bankr.W.D.La.1981). In other words, "[t]he plaintiff must prove that the claimed fraud existed at the *inception* of the debt and that [appellants] relied upon it. *In re Cokkinias*, 28 B.R. at 307 (*citing In re Gennaro*, 12 B.R. 4 (Bankr.W. D.Pa.1981)).

The appellants must further prove that the fraudulent conduct was knowingly and intentionally made at the time of the transaction. *In re Ayers, supra*, 25 B.R. at 773; *In re Geyen*, 11 B.R. at 71. The issue of intent is a fundamentally factual inquiry. *In re Ayers, supra*, 25 B.R. at 773.

The plaintiff bears the burden of proving each element by clear and convincing evidence. *In re Leger*, 34 B.R. 873, 877 (Bankr.D.Mass.1983). *See also In re Huff*, 1 B.R. 354, 357 (Bankr.D.Utah 1979) (the provision corresponding to § 523(a)(2)(a) in the Bankruptcy Act was interpreted as requiring the false pretenses to be proved by clear and convincing evidence).

In the instant case, no clear and convincing evidence exists to show that the debtor obtained property by false pretenses. First, although there is no dispute that debtor made the representations in question, no evidence suggests that the statements were false when they were made. Second, a promise to be executed in the future is not sufficient to make a debt nondischargeable. Debtor's purported claim that the share would double or triple in value is a boast as to future action and is not actionable as fraud. Additionally, a claim of this nature appears to be in the nature of "puffery" and should not carry sufficient weight to be reasonably relied upon. Third, since there were a number of limited partners who purchased shares in 550 Ltd., it is evident that some type of market existed for the partnership interests. Fourth, evidence was proffered showing that the partnership did increase in value for a time. Last, the evidence does not clearly show that the appellants even relied upon the debtor's representations.

Consequently, appellants did not prove by clear and convincing evidence that the debtor knew the statements were false at the time they were made (in fact, appellants did not even prove that the statements were false), that the debtor made the representation with the intention and purpose of deceiving the appellants, or that appellants relied on the representations in question. Thus, the decision of the bankruptcy court to not deny dischargeability pursuant to § 523(a)(2)(A) for the debts owing to the VanderHeides is affirmed.

2. § 523(a)(4) Exception to Discharge.

Appellants also argue that the debtor should not be allowed to discharge the debts owing to them because Stone is guilty of defalcation while acting in a fiduciary capacity. The appellants claim that since the debtor was the general partner of the partnership, he owed a fiduciary duty to each of the limited partners. This breach of fiduciary claim arises from a transfer of a real estate contract that involved partnership property. As noted above, the subject of the 550 Ltd. partnership was an office building located in Ogden, Utah. The debtor arranged, with the approval of the limited partners, to transfer the building in exchange for certain property located in Colorado. As part of this transfer, a loan was to be taken on the Colorado property of $200,000.00. The pro-

ceeds of the loan were to be distributed to the partners. However, the debtor was only able to obtain a loan of approximately $60,000.00 instead of the $200,000.00 hoped for by the partners. The debtor still permitted the transfer of the properties, but failed to inform the partners of the change in circumstances concerning the loan. The appellants thus claim that he breached his fiduciary duty by executing the transfer in spite of this substantial change in circumstances. They further argue that the debtor failed to exert any effort in selling the new property to cash out its value.

Appellant Lew Joseph claims a separate breach of fiduciary duty. Joseph argues that the debtor breached his fiduciary duty by his action with respect to a certain promissory note issued to Joseph by the debtor as part of the purchase price of Joseph's residence. Joseph received from the debtor a promissory note executed by a Mr. Mecham. The note was secured by a one-half share in 550 Ltd. The debtor later bought the share that was the security for the promissory note. Joseph argues that the debtor should have paid Joseph an amount between the value of the share and the amount Mecham had paid toward its purchase. Joseph further claims that had the debtor not purchased the share, Joseph could have pursued Mecham to obtain the amount owing on the note.

In his defense, the debtor claims that a general partner does not owe a fiduciary duty to limited partners as contemplated by 11 U.S.C. § 523(a)(4). Further, debtor argues that even if he is held to be a fiduciary to the limited partners, no evidence suggests that he breached any fiduciary duty owed to them.

11 U.S.C. § 523(a)(4) provides that:

A discharge ... does not discharge an individual from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

In order to qualify for this discharge exception, the appellants must prove that: (1) the defendant was obligated to the plaintiff in a fiduciary capacity; (2) the defendant committed fraud or defalcation while acting in his fiduciary capacity; and (3) the plaintiff's debt resulted from such fraud or defalcation. *In re Owens,* 54 B.R. 162, 164 (Bankr.D.S.C.1984).

■ The court's first consideration in establishing whether or not debtor is liable for defalcation while acting in a fiduciary duty is to determine if the debtor owed fiduciary duties to the appellants within the meaning of § 523(a)(4). The question of who is in a fiduciary status for purposes of § 523(a)(4) is one of federal law. *In re Black, supra,* 787 F.2d at 506. *Matter of Angelle,* 610 F.2d 1335, 1341 (5th Cir.1980).

■ Courts have recognized that the federal definition of "fiduciary" is quite different from the traditional common law definition. In fact, it has been specifically noted that the general meaning of a fiduciary is too broad for the purposes of § 523(a)(4). *In re Kelley,* 84 B.R. 225, 229 (Bankr.M.D. Fla.1988); *In re Cairone,* 12 B.R. 60, 62 (Bankr.D.R.I.1981).

Consequently, the term "fiduciary capacity", as defined by federal law and for purposes of § 523(a)(4), applies only to technical trusts, express trusts, or statutorily imposed trusts and not to fiduciary relationships which arise from an equitable trusts, implied trusts, constructive trusts, or an agency relationship. *In re Romero,* 535 F.2d 618, 621 (10th Cir.1976); *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934). *See also In re Kelley, supra,* 84 B.R. at 229; *In re Reder,* 60 B.R. 529, 538–39 (Bankr.D. Minn.1986); *In re Myers,* 52 B.R. 901, 904 (Bankr.E.D.Va.1985).

Moreover, the "fiduciary relationship" of § 523(a)(4) has been specifically held to not encompass ordinary commercial relationships such as those of principal/agent or debtor/creditor.[2] *In re Ayers,* 25 B.R. 762,

---

**2.** It should be noted that a few cases have broadly construed fiduciary duty in the federal or bankruptcy context. *See e.g. John P. Maguire & Co. v. Herzog,* 421 F.2d 419, 421–22 (5th Cir. 1970); *In re Overmyer,* 52 B.R. 111, 117–18

(Bankr.S.D.N.Y.1985). Nevertheless, "such a broad construction runs contrary to the stated judicial construction of 'fiduciary capacity' by the Supreme Court, and the central purposes of

774 (Bankr.M.D.Tenn.1982). Finally, courts also require the trust or fiduciary duty to be in existence before the occurrence of the act from which the debt arose. *In re Romero, supra,* 535 F.2d at 621; *Ragsdale v. Haller,* 780 F.2d 794, 796 (9th Cir.1986). In other words, the debtor must have been a trustee or fiduciary before the wrong and not a trustee *ex maleficio. Davis v. Aetna Acceptance Co., supra,* 293 U.S. at 333, 55 S.Ct. at 153; *In re Short,* 818 F.2d 693 (9th Cir.1987).

The elements for an express trust include (1) a declaration of trust, (2) a clearly defined trust res, and (3) an intent to create a trust relationship. *In re Kwiat,* 62 B.R. 818, 821 (Bankr.D.Mass.1986) *aff'd in part and vacated in part* 81 B.R. 184 (D.Mass. 1987); *Sundquist v. Sundquist,* 639 P.2d 181, 183 (Utah 1981). Express or technical trust relationships have not been found to exist between "trusted" agents under contract and their principals. *Matter of Walker,* 7 B.R. 563 (Bankr.M.D.Ga.1980).

The elements for a statutorily imposed trust is that the creditor must point to an express legislative intent to create a trust relationship in the statute. *In re Myers,* 52 B.R. at 905.

Therefore, to establish that Mr. Stone was a fiduciary to the limited partners of 550 Ltd within the meaning of § 523(a)(4), the appellants must first show that Mr. Stone was a trustee pursuant to some express agreement or statute. The appellants must then show that the alleged defalcations occurred while he acted as a trustee and did not arise from ordinary commercial transactions with the appellants.

In the case at hand, appellants have presented no evidence that the debtor owed a fiduciary duty to them pursuant to an express or statutorily imposed trust. In fact, appellants do not even contend that the debtor owed a fiduciary duty to them pursuant to an implied or constructive trust. Appellants rely only on the fact that debtor, as a general partner, was a fiduciary with respect to any limited partners in 550 Ltd. However, this relationship arose from ordinary commercial transactions with the appellants and not to any technical, express, or statutorily imposed trust. As discussed above, this type of principal/agent relationship does not amount to a fiduciary duty that would subject the debtor's actions to liability under § 523(a)(4). Therfore, appellee was not a fiduciary to the appellants as contemplated by § 523(a)(4).

Furthermore, even if the appellant considered a fiduciary that fit under the statute, the appellants presented no evidence suggesting that the debtor breached any fiduciary obligations owed to them. Although the business transactions did not turn out as the investors had contemplated, there was no indication that the debtor misappropriated funds or acted in such a way to breach any duties owing the appellants.

Therefore, since appellants have failed to prove that the debtor was a fiduciary within the meaning of § 523(a)(4) their claim for nondischargeability of the debtor's debts owing to them must also fail. In addition, even if the debtor were considered a fiduciary within the meaning of the statute, there was no evidence suggesting that the debtor breached any fiduciary duties.

## CONCLUSION

Appellants have failed to demonstrate by clear and convincing evidence that the debtor violated § 523(a)(2)(A) by obtaining money, property or services by false pretenses, a false representation or actual fraud. Appellants also failed to demonstrate that the debtor was a fiduciary within the meaning of § 523(a)(4). Even if the debtor were considered a fiduciary within the meaning of § 523(a)(4), there was no indication that he breached any fiduciary obligations. Therefore, the decision of the bankruptcy court to dismiss appellants' adversary proceeding for failure to state a claim upon which relief can be granted is affirmed.

the Bankruptcy Code." *In re Twitchell, supra,* at 965.