**In re Ruth BOSHELL, Debtor.**

**COUNCIL 49, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, Plaintiffs,**

v.

**Ruth BOSHELL, Defendant.**

**Bankruptcy No. BK 88–02392. Adv. No. 88–0270.**

United States Bankruptcy Court, N.D. Alabama, W.D.

Jan. 19, 1989.

**781**

Jeffery Bennitt, Birmingham, Ala., for defendant.

George C. Longshore, Longshore, Nakamura and Quinn, Birmingham, Ala., for plaintiffs.

## MEMORANDUM OF DECISION

### GEORGE S. WRIGHT, Chief Judge.

This matter came before the Court on the plaintiff's and debtor/defendant's separate Motions for Summary Judgment. The plaintiff's Motion is based upon an assertion that the prior United States District

Court judgment was founded upon the debtor's breach of a "fiduciary duty" under the Labor–Management Relations and Disclosure Act (hereinafter LMRDA). [29 U.S.C.A. Section 501(a)].[1] The debtor/defendant's Motion is based upon an assertion that the prior District Court judgment does not fall within the ambit of Bankruptcy Code Section 523(a)(4) inasmuch as Ruth Boshell was not a "fiduciary" as that term is defined under the Bankruptcy Code.

After a hearing and consideration of the applicable law, it is the opinion of the Court that the Plaintiff's Motion for Summary Judgment is due to be GRANTED. This memorandum shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

## FINDINGS OF FACT

Council 49 is an affiliate of the American Federation of State, County and Municipal Employees, AFL–CIO [hereinafter AFSCME]. Harold Reach served as Executive Director of Council 49; Jimmy Gosa served as President; Larry Trammel served as Secretary; and Ruth Boshell served as Treasurer. Each of the aforementioned officers was named as a defendant in an action, brought by representatives of Council 49 and Local No. 2904, under Section 501 of the Labor–Management Reporting and Disclosure Act. This Act places a fiduciary duty on union officials. The District Court's ruling which was affirmed by the United States Court of Appeals for the Eleventh Circuit, held that

---

1. Section 501(a) of the Labor–Management Relations and Disclosure Act provides:

   Section 501. Fiduciary responsibility of officers of labor organizations
   (a) Duties of officers; exculpatory provisions and resolutions void. The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from

   dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization. A general exculpatory provision in the constitution and bylaws of such a labor organization or a general exculpatory resolution of a governing body purporting to relieve any such person of liability for breach of the duties declared by this section shall be void as against public policy.
   [29 U.S.C.A. § 501(a).]

each of the defendants had breached their fiduciary duties under Section 501. The defendants were held jointly and severally liable for the IRS tax debt in the amount of $40,740.55.[2]

The plaintiffs have filed a Motion for Summary Judgment asserting that under Bankruptcy Code Section 523(a)(4) the debtor/defendant [Boshell] should not be entitled to a discharge of the judgment rendered against her. The debtor has also filed a Motion for Summary Judgment asserting that the judgment is dischargeable inasmuch as the definition of "fiduciary" under the Bankruptcy Code does not coincide with the definition of "fiduciary" under Section 501 of the Labor–Management Relations and Disclosure Act.

This Court must now decide whether a granting of Summary Judgment is proper by determining the definition and requirements of a fiduciary under Section 501 of the Labor–Management Reporting and Disclosure Act and the definition and requirements of a fiduciary under Section 523(a)(4) of the Bankruptcy Code.

## CONCLUSIONS OF LAW

Title 11 U.S.C. Section 523(a)(4) provides:

(a) A discharge under Section 727 ... of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

*In re Interstate Agency, Inc.*, 760 F.2d 121, 124 (6th Cir.1985) sets out the following three elements or factors to use in analyzing Section 523(a)(4):

1. [The debtor] must have been acting in a fiduciary capacity;

2. [There must exist] an express trust status to the property at issue;

3. [The debtor] must have breached this relationship by at least "defalcation" of funds.

These three elements and the language of Section 523(a)(4) make a determination of the meaning of "fiduciary" under the Bankruptcy Code necessary.

## BANKRUPTCY CODE DEFINITION OF FIDUCIARY

"The traditional definition of a fiduciary is not applicable in bankruptcy law. The general meaning—a relationship involving confidence, trust and good faith—is far too broad." *In re Johnson*, 691 F.2d 249, 256 (6th Cir.1982). "Within the context of Section 523(a)(4), a fiduciary relationship is a relationship based upon a technical or express trust." *Matter of Ayers*, 83 B.R. 83 (Bkrtcy.M.D.Ga.1988); See *Carey Lumber Company v. Bell*, 615 F.2d 370, 374 (5th Cir.1980); 3 Collier on Bankruptcy Parag. 523.14[c] at 523–96 (15th ed. 1985). The United States Supreme Court has stated:

In almost all the commercial transactions of the country, confidence is reposed in the punctuality and integrity of the debtor, and a violation of these is, in a commercial sense, a disregard of trust. But this is not the relation spoken of in the [Bankruptcy Act] ... The Act speaks of technical trusts, and not those which the law implies from contract.

*Chapman v. Forsyth*, 43 U.S. (2 How.) 202, 11 L.Ed. 236, 238 (1844). In the present case, whether the debtor was a fiduciary under Section 523(a)(4) depends on whether there exists an express or technical trust.

## EXPRESS OR TECHNICAL TRUST STATUS

It is clear that Section 523(a)(4) requires an express trust, not an equitable or implied trust. In making this determination, courts have examined Section 17(a)(4)[3] of the repealed Bankruptcy Act of 1898 (hereafter "Act"). Under Section 17(a)(4), the Fifth Circuit determined that this section "does not apply to fiduciary relationships arising out of equitable or implied trust but only to true trust." *Carey Lumber Co. v. Bell*, 615 F.2d 370, 374 (5th Cir.1980). See *In re Thornton*, 544 F.2d 1005 (9th Cir.

---

2. The $40,740.55 judgment was based upon the failure to withhold payroll taxes from Reach's salary. This failure to withhold resulted in unpaid taxes, interest, and penalties of $40,740.55.

3. Section 17(a)(4) is the predecessor of Section 523(a)(4).

1976); *Matter of Kawczynski,* 442 F.Supp. 413 (W.D.N.Y.1977). A technical or express trust requires (1) a declaration of trust, (2) a clearly defined trust res, and (3) an intent to create a trust relationship. *In re Stone,* 91 B.R. 589 (D.Utah 1988). The question now becomes whether the three elements of an express or technical trust are met under Section 501 of the Labor–Management Reporting and Disclosure Act.

## (A) DECLARATION OF TRUST

The first requirement of an express or technical trust is that there be a declaration of trust. Section 501 of the LMRDA clearly sets out such a declaration by stating that "officers, agents, shop stewards, and other representatives occupy positions of trust." Section 501 also sets out affirmative obligations and responsibilities of the officers, agents and representatives. This enumeration of affirmative obligations buttresses the position that there exists a declaration of trust. Further evidence of a declaration of trust has been found in cases such as *United States v. Harrelson,* wherein it was stated that the "intent of Congress was to hold officers of labor organizations strictly to their responsibilities as fiduciaries for the funds entrusted to them." *United States v. Harrelson,* 223 F.Supp. 869, 870 (E.D.Mich.1963).

## (B) TRUST RES

The second requirement of an express or technical trust is that there be a clearly defined trust res. Section 501 states that the officers are to hold the labor organizations' "money and property solely for the benefit of the organization." Clearly the labor organization's money and property constitute the required separate and defined trust res.

## (C) INTENTION

The third and final element of an express or technical trust is the intention to create the trust relationship. Section 501 manifests such intention by imposing affirmative duties on the officers to, "manage, invest, and expend [the money and property of the labor organization] in accordance with its constitution and bylaws ...".. Further evidence of the intention to create a trust is found in cases such as *Richardson v. Tyler,* 309 F.Supp. 1020, 1021 (N.D.Ill. 1970) wherein the court found that, "the clear intent of Congress in enacting this legislation [29 U.S.C. 501] was to weed out instances of corruption and breach of trust; to preserve the rights of individual members and to insure high standards of responsibility on the part of ... union officers".

All requirements of an express trust having been met, this Court is satisfied that Section 501 of the LMRDA embodies the requisite elements of an express or technical trust under Section 523(a)(4) of the Bankruptcy Code. The defendant is properly classified as a fiduciary under Section 523(a)(4). The remaining question is whether the defendant is guilty of fraud or defalcation while acting in her fiduciary capacity.

## FRAUD OR DEFALCATION

Under Bankruptcy Code Section 523(a)(4), once there has been a finding of a fiduciary relationship, the plaintiff need only prove the defendant is guilty of defalcation or fraud while acting in that fiduciary capacity. The plaintiff need not prove embezzlement or larceny.[4]

As one court has already noted, "defalcation is a difficult concept and might explain why courts have had such a difficult time defining its scope." *In re Kelley,* 84 B.R. 225 (Bkrtcy.M.D.Fla.1988). Nevertheless, this Court is aware of numerous cases that endeavor to define defalcation. Defalcation has been defined as the "misappropriation of trust funds held in any fiduciary capacity, and the failure to properly account for such funds". *In re Interstate Agency, Inc.,* 760 F.2d at 125. The misappropriation does not have to be intentional. *Carey Lumber Company v. Bell,* 615 F.2d at 376. It is only required that the trust

4. Bankruptcy Code Section 523(a)(4). See also *Matter of McCraney,* 63 B.R. 64 (Bkrtcy.N.D.Ala. 1986).

funds were used for a purpose "other than the purpose for which the trust was created." *In re Matheson,* 10 B.R. 652, 656 (Bkrtcy.S.D.Ala.1981). Defalcation includes, "the failure of a fiduciary to account for money he received in his fiduciary capacity regardless of the fact that such failure may have resulted from ignorance or negligence". *In re Gans,* 75 B.R. 474, 490 (Bkrtcy.S.D.N.Y.1987).

Clearly, the definition of defalcation would include the debtor's failure to account for funds entrusted to her and her failure to withhold necessary payroll taxes. This Court relies on the findings of the District Court as to the debtor's misfeasance and malfeasance and hereby concludes that the debtor is guilty of defalcation. Defalcation having been found, this Court need not address whether the debtor is guilty of fraud.

## CONCLUSION

"Rule 56 of the Federal Rules of Civil Procedure, made applicable to the adversary proceedings in the Bankruptcy Court by Bankruptcy Rule 7056, provides that summary judgment will be granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *In re Calisoff,* 92 B.R. 346 (Bkrtcy.N.D.Ill.1988). This Court finds that no genuine issue of material fact remains inasmuch as the debtor is a "fiduciary" as that term is defined in Bankruptcy Code Section 523(a)(4) and that the debtor is guilty of defalcation of union funds while acting in her fiduciary capacity.

This memorandum shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. A separate order will be entered in accordance with the foregoing.

DONE AND ORDERED.