In re Robert Charles **HUFF**, aka Robert C. Huff, aka Robert Huff, aka Bob Huff, Bankrupt.

**Emma KUEHNE, Plaintiff,**

v.

**Robert Charles HUFF, aka Robert C. Huff, aka Robert Huff, aka Bob Huff, Defendant.**

Bankruptcy No. B–78–00672.

United States Bankruptcy Court, D. Utah, N. D.

Nov. 29, 1979.

Pete N. Vlahos, Ogden, Utah, for bankrupt-defendant.

Jimi Mitsunaga, Salt Lake City, Utah, for plaintiff.

MEMORANDUM DECISION

RALPH R. MABEY, Bankruptcy Judge.

Plaintiff brought this action under § 17a(2) of the Bankruptcy Act, 11 U.S.C. § 35(a)(2), to have her debt declared nondischargeable on the basis of certain misrepresentations made to her by the bankrupt. At the conclusion of the trial, the issue of the applicable standard of proof under § 17a(2) was argued before the Court. Memoranda on this issue were filed shortly thereafter with the Court. The Court now addresses in this memorandum decision the issue of the required standard of proof in a § 17a(2) case, leaving to separate decision the application of this standard of proof to the facts of this case.

Under Rule 407, Fed.R.Bankr.P., it is plainly stated that the burden of proof in a § 17 case is on the plaintiff, or the objecting

creditor. This rule does not, however, make clear whether the burden that the objecting creditor carries is one of proving his case by clear and convincing evidence or merely by a preponderance of the evidence.

■■■■ A preliminary inquiry is appropriate to determine whether state or federal law applies to determine the standard of proof in a § 17a(2) case. Prior to 1970, the question of the dischargeability of individual debts was left within the ambit of state court jurisdiction. Because of abuses precipitated by overzealous creditors, which undermined the discharge of the bankrupt, and further to promote uniformity of application, in 1970, amendments to the Bankruptcy Act were enacted which granted exclusive jurisdiction to the bankruptcy courts over questions of dischargeability. *See* S.Rep.No.91–1173, 91st Cong., 2d Sess. (Sept. 16, 1970); House Judiciary Comm., H.R.Doc.No.19–1502, *reprinted in* [1970] U.S.Code Cong. & Admin.News, p. 4156. As has been recognized in the recent United States Supreme Court case of *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767, 5 B.C.D. 226 (1979), these amendments created a new, federal right of action not based on, nor identical to, any state cause of action. The 1970 amendments were passed to insure exclusive federal control over the federally created right of a discharge in bankruptcy. As the Supreme Court stated in *Brown* :

> By express terms of the Constitution, bankruptcy law is federal law, U.S.Const., Art. I, § 8, cl. 4, and the Senate Report accompanying the amendment described the bankruptcy court's jurisdiction over these § 17 claims as "exclusive." S.Rep. No.91–1173, p. 2 (1970). *Id.* at 230.

■■■ The conclusion that federal law applied to govern cases brought under § 17 of the Bankruptcy Act was also reached in the cases of *In re Barlick*, 1 B.C.D. 412 (D.R.I. 1974), and *In re Campbell*, No. 56018 (S.D. Ohio 1972), *aff'd on appeal* (S.D.Ohio Feb. 12, 1973). These cases, unlike the *Brown* case, dealt specifically with the issue addressed in this memorandum decision. They noted the grant of exclusive jurisdic-

tion over matters of dischargeability to the bankruptcy court by the 1970 amendments, and reasoned further that in the interest of uniformity, an interest which prompted passage of those amendments, and in light of the failure of these carefully drawn amendments to make any reference to state law, a finding that federal law governed both the substance and procedure of a § 17a(2) case was dictated. The Court in *In re Campbell, supra* at 6, aptly stated this conclusion:

> Since the passage of the Dischargeability Act, we are no longer sitting as a state court interpreting state law as it applies to the false financial situation. Rather, we sit today as a federal court interpreting a federal statute which provides the exclusive relief for a bankrupt and the exclusive remedy for a creditor. The national character of the law and the national influence of finance companies evokes the need for a federal standard of proof of uniform and national application.

The *Barlick* decision has been reaffirmed in *In re Arden*, 2 B.C.D. 204 (D.R.I.1975) and has been followed in *In re Baxter*, No. 74–811 (E.D.Pa.1975). Pursuant to the reasoning set forth in these cases and the pronouncement made by the Supreme Court in *Brown v. Felsen, supra*, this Court now holds that the applicable standard of proof in a § 17a(2) case is a federal question to be governed by federal law.

■■■ In determining the proper standard of proof in a § 17a(2) case, in the absence of any specific rule establishing the same, it is appropriate to look to the purpose and intent of the Bankruptcy Act as a whole and particularly to the discharge provisions in the Act. One of the basic purposes behind the Bankruptcy Act is to

> relieve the *honest* debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes. . . . The various provisions of the Bankruptcy Act were adopted in the light of that view and are to be construed when reasonably possible in harmony with it so as to effectuate the general purpose and policy of the act.

*Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (citations omitted) (emphasis added). *See also Lines v. Frederick et al.*, 400 U.S. 18, 19, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). As the *Hunt* Court stated, the effectuation of the "fresh start" policy requires that courts construe provisions of the Act to further a new beginning for the "honest" debtor. As previously noted, one of the purposes behind the passage of the 1970 amendments was to insure the "fresh start" given to the bankrupt would be governed by these federal policies and would be guaranteed to be viable and enforceable.

Pursuant to this "fresh start" policy, it has been said that exceptions to discharge should be strictly construed in favor of the bankrupt. *See Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915). *See also In re Vickers*, 577 F.2d 683, 686 (10th Cir. 1978). Adherence to this rule of construction is apparent in the very limited interpretation given to the word "property" in § 17a(2), which courts have consistently refused to expand to include services or any other non-traditional meaning. *See* 1A *Collier on Bankruptcy* ¶ 17.16 (14th Ed. 1977). This rule of construction and the purposes and policies behind the Bankruptcy Act must be taken in conjunction with the obvious purpose of § 17a(2), which is to prevent only the discharge of the *dishonest* debtor who possessed an "intent to deceive" his creditor.

Where dishonesty, or fraud, is at issue, the courts have typically required a higher standard of proof. In view of the scienter requirement of an "intent to deceive" imposed in the § 17a(2) exception, the reasoning behind the traditional requirement of a higher standard of proof for fraud or dishonesty is equally applicable here. This higher standard is based on the fact that fraud is regarded as criminal in its essence, and involves moral turpitude at least, while, on the other hand, the presumption is that all men are honest, that individuals deal fairly and honestly, that private transactions are fair and regular, and that participants act in honesty and good faith. The presumption is against the existence of fraud and in favor of innocence, the presumption against fraud approximating in strength the presumption of innocence of crime. 37 C.J.S. *Fraud* § 94, p. 398 *et seq.* (citations omitted). This reasoning is in keeping with the aforestated purposes of the Act and of § 17a(2) in particular.

Taking all of these factors into consideration, it appears persuasive to this Court, as stated in *In re Campbell, supra* at 9, that "the purposes of the Act would seem to intend a greater burden on a creditor than a mere tipping of the scales in its favor." Thus, a finding that the burden of proof in a § 17a(2) case requires a creditor to prove his case by clear and convincing evidence would most effectively carry out the purposes of the Bankruptcy Act and the intent of the § 17 exceptions to discharge. Although this question has not been frequently addressed, the cases of *In re Baxter, supra; In re Arden, supra; In re Barlick, supra,* and *In re Campbell, supra,* which have ruled on this issue, all agree with the reasoning and conclusions of this Court.[1] Accordingly, this Court now holds that the applicable standard of proof in a § 17a(2) case is that of proof by clear and convincing evidence.[2]

---

1. The only other case found on point, *In re Hartman*, No. 74–2749 (N.D.Ga.1975), failed to reach the issue of the applicable standard of proof, deciding instead that whatever the standard of proof, whether by clear and convincing evidence or by a preponderance of the evidence, it had not been met in that particular case.

2. The legislative history and content of newly-effective 11 U.S.C. § 523(a)(2), which continues in effect most of § 17(a)(2), suggest that the burden of proof under this new section should be similar to that of the superseded section.