SEYMOUR, Circuit Judge.
 

 Garth Driggs, a judgment creditor of Gerald Black, brought this adversary proceeding in bankruptcy court seeking a de
 
 *505
 
 termination that the debt owed to him by Black is not dischargeable in bankruptcy. The bankruptcy judge found that Driggs had failed to sustain his burden of proof and dismissed the complaint. Driggs sought review in the district court, which affirmed the order of the bankruptcy judge. Driggs appealed and we affirm.
 

 Black was the majority stockholder and chief operating officer of British Auto Imports, Inc. (BAI), an auto dealership. Driggs began work with BAI as a salesman in 1976 and acquired increased responsibilities in the following years. Black and Driggs had discussed Driggs’ desire to buy into BAI several times before Black offered him an opportunity to do so in 1979. At that time Driggs knew BAI was in serious financial trouble because it was out of trust with its financing bank and in danger of foreclosure. Nonetheless Driggs borrowed $35,000 from his parents and bought ten percent of BAI. Although the buy-in agreement allowed Driggs to recover his investment upon tendering written notice, when he attempted to do so in 1980 BAI and Black were unable to refund the money. Driggs then brought a breach of contract action in state court and obtained a judgment against Black for $35,-000. Black subsequently filed a bankruptcy petition and Driggs instituted this adversary proceeding, asserting that the state court judgment represents a debt for money obtained by fraud or defalcation and therefore is not dischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), and 523(a)(4) (1982).
 

 Exceptions to discharge are construed narrowly, and the burden of proving that a debt falls within a statutory exception is on the party opposing discharge.
 
 See Waterbury Community Federal Credit Union v. Magnusson (In re Magnusson),
 
 14 B.R. 662, 667 (Bankr.N.D.N.Y.1981);
 
 Kuehne v. Huff (In re Huff),
 
 1 B.R. 354, 357 (Bankr.D.Utah 1979). We may overturn the bankruptcy court’s resolution of Driggs’ claims only if the court’s findings are clearly erroneous.
 
 See May v. Eckles (In re White House Decorating Co.),
 
 607 F.2d 907, 910 (10th Cir.1979).
 

 Section 523(a)(2)(A) applies to a debt for money obtained by “false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor’s or an insider’s financial condition....”
 
 Id.
 
 This section includes only those frauds involving moral turpitude or intentional wrong, and does not extend to fraud implied in law which may arise in the absence of bad faith or immorality.
 
 See, e.g., American Bank & Trust Co. v. Lamb (In re Lamb),
 
 28 B.R. 462, 464 (Bankr.W.D.La.1983); 3 L. King,
 
 Collier on Bankruptcy
 
 ¶ 523.08[5] (15th ed. 1985). A creditor seeking to have a debt declared nondischargeable under this section must prove that it comes within the statute by clear and convincing evidence.
 
 See American Bank & Trust,
 
 28 B.R. at 464;
 
 Kuehne,
 
 1 B.R. at 357 & n. 2; 3
 
 Collier
 
 ¶ 523.08[5].
 

 Driggs alleged that Black induced him to invest in BAI by falsely representing that BAI had closed on a $300,000 loan to keep the corporation afloat, and that if this loan did not go through a loan would be arranged through the Small Business Administration (SBA) to cover the return of Driggs’ investment. The bankruptcy judge found that Driggs had failed to show Black made statements about the SBA loan in bad faith. The court further found that Black had not given Driggs firm assurance that the $300,000 loan had been completed.
 

 Upon review of the record, we affirm the bankruptcy court’s disposition of the section 523(a)(2)(A) claim. Driggs failed to present any admissible evidence on the state of mind with which representations about the SBA loan were made. Moreover, the evidence regarding Black’s statements on the status of the $300,000 loan was conflicting and required a credibility determination. Under these circumstances, the court’s finding in favor of Black is not clearly erroneous.
 

 Driggs also seeks a finding of nondischargeability under section
 
 *506
 
 523(a)(2)(B), which applies to money obtained by
 

 “use of a statement in writing—
 

 (i) that is materially false;
 

 (ii) respecting the debtor’s or an insider’s financial condition;
 

 (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
 

 (iv) that the debtor caused to be made or published with intent to deceive....”
 

 11 U.S.C. § 523(a)(2)(B). As in section 523(a)(2)(A), the elements of this section must also be proven by clear and convincing evidence.
 
 Waterbury Community Federal Credit Union,
 
 14 B.R. at 667;
 
 Kuehne,
 
 1 B.R. at 357 & n. 2. The creditor must establish that a materially false writing was made knowingly with the intent to deceive.
 
 See, e.g., Sun Bank & Trust Co. v. Rickey (In re Rickey),
 
 8 B.R. 860, 863 (Bankr.M.D.Fla.1981); 3
 
 Collier
 
 ¶ 523.-09[5][b]. However, the requisite intent may be inferred from a sufficiently reckless disregard of the accuracy of the facts.
 
 Id.; see also Waterbury Community Federal Credit Union,
 
 14 B.R. at 669.
 

 Driggs contends that before he invested his money in BAI, Black presented him with an inaccurate corporate financial statement, falsely representing that it was a yearly statement when in fact it was a monthly statement. Driggs further asserts that the statement erroneously showed a note payable to shareholders as an asset instead of a liability, thus incorrectly increasing the corporate profits. As the bankruptcy judge noted, the evidence was conflicting as to whether Black had represented the writing as a monthly or yearly statement, and as to whether the shareholder note payable was properly listed. Upon this record the court’s resolution of these conflicts in favor of Black is not clearly erroneous.
 

 Next we address Drigg’s contention that the debt is not dischargeable pursuant to section 523(a)(4), which applies to debts “for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larce-ny_” Driggs argues that Black corn-mitted defalcation while acting in a fiduciary capacity, and/or embezzlement, by writing checks on corporate funds which were not properly signed under the buy-in agreement and which were for Black’s personal benefit. In addressing the defalcation claim, the bankruptcy court concluded that Black, as a majority stockholder and officer of BAI, was acting in a fiduciary capacity toward Driggs, who was a minority stockholder. However, the court found that Driggs had failed to establish that the expenditures complained of were not for the benefit of the corporation. The district court concluded that the finding on the expenditures was not clearly erroneous, and in the alternative concluded that Black had not been acting in a fiduciary capacity within the meaning of the statute.
 

 We agree with the district court that Black did not have a fiduciary duty to Driggs individually as a minority stockholder. Although the question of fiduciary status under this provision is one of federal law, state law is an important factor in determining when a trust relationship exists.
 
 See Carlisle Cashway, Inc. v. Johnson (In re Johnson),
 
 691 F.2d 249, 251
 
 &
 
 n. 2 (6th Cir.1982). Under Utah law, a corporate officer owes a fiduciary duty to the corporation and to its shareholders.
 
 See Richardson v. Arizona Fuels Corp.,
 
 614 P.2d 636, 639 (Utah 1980). However, this duty is owed to the shareholders
 
 collectively,
 
 and no fiduciary duty is owed to the stockholders individually.
 
 Id.
 
 at 639-40. Thus Utah follows the general rule that any cause of action “on account of any breach by [corporate officers] of their fiduciary duty as directors and officers ... belong[s] to the corporation and not to the stockholders individually.”
 
 Id.
 
 at 640;
 
 see also St. Louis Union Trust Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
 
 562 F.2d 1040, 1055 (8th Cir.1977) (“directors generally do not occupy a fiduciary position with respect to stockholders in face to face dealings"),
 
 cert. denied,
 
 435 U.S. 925, 98 S.Ct. 1490, 55 L.Ed.2d 519 (1978);
 
 Kosik v. Hays (In re Hays),
 
 31 B.R. 285, 291 (Bankr.E.D.Tenn.1983) (minority shareholders may not recover for their own benefit
 
 *507
 
 on basis of breach of fiduciary duty owed to corporation). Accordingly, we conclude that Driggs’ defalcation claim must fail because Black did not stand in a fiduciary capacity to Driggs individually when the acts complained of occurred.
 
 [1]
 

 Finally, we turn to Driggs’ claim under section 523(a)(4) that the debt is not dischargeable because it resulted from Black’s embezzlement. “Embezzlement, for purposes of 11 U.S.C. § 523 ‘is the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come, and it requires fraud in fact, involving moral turpitude or intentional wrong, rather than implied or constructive fraud.’ ”
 
 United States Life Title Insurance Co. v. Dohm (In re Dohm),
 
 19 B.R. 134, 138 (Bankr.N.D.Ill.1982) (quoting
 
 American Family Insurance Group v. Gumieny (In re Gumieny),
 
 8 B.R. 602, 605 (Bankr.E.D.Wis.1981)). As noted above, the bankruptcy court found Driggs had failed to establish that the subject expenditures were not for the benefit of the corporation. We conclude that this finding is supported by the record.
 

 Accordingly, the judgment is affirmed.
 

 [1]
 

 . Driggs also contends on appeal that the bankruptcy court improperly imposed a clear and convincing standard of proof on the § 523(a)(4) defalcation claim. Given the legal basis for our affirmance of the bankruptcy court, we need not address this argument.