**In re Randall Trent MORGAN.**

**Deloss McKNIGHT, Receiver, Special Receiver and Successor Trustee of the Ollie Harold Morgan Trust, Plaintiff,**

v.

**Randall Trent MORGAN, Defendant.**

**No. HE 86–42 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

Oct. 4, 1989.

James Van Dover, Marianna, Ark., for plaintiff.

Kathleen Caldwell, Memphis, Tenn., for debtor.

## ORDER

MARY D. SCOTT, Bankruptcy Judge.

Pending before the Court is a Second Motion for Summary Judgment filed by the Plaintiff in an adversary proceeding brought as a Complaint to Determine Dischargeability. A Response opposing the Motion has been filed by the debtor defendant. Both parties reassert earlier contentions necessitating a review of the history of this case.

This Court, on April 25, 1989, also considered the initial Motion for Summary Judgment and denied it without prejudice. 99 B.R. 920 That Order detailed the parties positions as follows:

The Plaintiff asserts he is entitled to summary judgment on his Complaint contending the following:

1. As a result of hearing conducted by the Chancery Court of St. Francis County, Arkansas, on and prior to January 21, 1986, the court issued its February 26, 1986, letter opinion, wherein it set out its findings and conclusions. Those findings and conclusions were incorporated by reference in a Decree entered April 4, 1986, in the civil action styled *Lucille Morgan and Teresa Morgan, plaintiffs v. Randall Trent Morgan, individually, and as Trustee of the Ollie Harold Morgan Trust and as Executor of the Estate of Ollie Harold Morgan, Deceased, defendants.* That decision became final when the Arkansas Court of Appeals delivered its unpublished decision on May 11, 1988.

2. The Chancery Court ruled that Defendant, while acting as Trustee of the Ollie Harold Morgan Trust, committed fraudulent acts and was guilty of defalcation which caused the trust corpus to be diminished by at least $175,255.43.

3. Plaintiff commenced this adversary proceeding to establish that the judgment-debt awarded in the Chancery Court was not dischargeable because it was within he purview of 11 U.S.C. § 523(a)(4). The elements of a cause of action under Section 523(a)(4) were before the Chancery Court where the Defendant was a party. Those issues were central to the prior determination.

4. Res judicata should preclude this court from relitigating the issues that were actually, or should have been, presented to the state court. All facts having previously been finally and judicially determined, no controversy of material facts exists.

5. In support of this motion, Plaintiff files herewith an authenticated copy of the Decree of the Chancery Court, as Exhibit A; the complete trial court record, except for the box of exhibits, which are incorporated by reference and which remain in the custody of the Clerk of the Arkansas Supreme Court, as Exhibit B; and a copy of the Abstract and

Brief of Appellate, filed with the appellate court clerk on November 6, 1987, as Exhibit C.

The debtor, in opposition to the Court's granting this motion asserts the following:

1. Defendant Morgan denies each and every allegation of the Motion for Summary Judgment unless specifically admitted herein.

2. Defendant states that the decree entered by the St. Francis Chancery Court on April 4, 1986, was entered in violation of the automatic stay of 11 U.S.C. § 362 and, thus, is null and void.

3. Defendant Morgan further states that the doctrines of res judicata or collateral estoppel are inapplicable to this case due to the fact that the decree of the Chancery Court is void, the Chancery Court did not use the appropriate standard of proof in making its determination and that there are material facts that are controverted.

Both parties attached briefs in support of their respective arguments.

The Plaintiff also filed a Reply to the debtor's response addressing what he denominated to be the two points argued by the debtor. The Court will only address the first issue because it concludes, on that basis, that the Motion for Summary Judgment must be denied at this time and without prejudice to its being renewed at a later time as hereinafter provided.

The Plaintiff argues that the automatic stay of the Bankruptcy Code "does not extend to void the state court's acts." He asserts that when the state court Chancellor signed and filed the formal decree after the bankruptcy case was filed, he did not commit an act prohibited by 11 U.S.C. § 362(a)(1). In support of this argument the Plaintiff cites two bankruptcy court decisions for the proposition that the entry of a formal written decision post-petition is not an action which is stayed under § 362(a) of the Bankruptcy Code. These courts adopted this position because they were (1) reluctant to extend the strictures of the automatic stay over state court judicial officers (as opposed to parties to state court proceedings) and (2) the parties had concluded all activities in the case and the court had made oral findings and/or had taken the matter under advisement. *In Re Wilson*, 72 B.R. 956 (Bkrtcy.M.D.Fla. 1987); *In Re Anderson*, 62 B.R. 448 (Bkrtcy.D.Minn.1986).

The Court has considered the cases submitted by the Plaintiff in support of his argument that the post-petition action by the state court, i.e., entry of a formal order memorializing the informal decision of the court was not in violation of the automatic stay. This Court, however, on the facts presented in this case, does not reach the same conclusions reached by those courts. This Court is not ready to conclude as the Minnesota and Florida bankruptcy courts did that "as a matter of law" the actions by the state court did not violate the automatic stay imposed by the filing of a bankruptcy petition and hence, cannot at this juncture, grant a Motion for Summary Judgment. Further, this Court hastens to add that it is also not ready to conclude that the decree entered by the state court is null and void. The actions may be voidable, but that is a question of fact to be determined on a case-by-case basis.

It should be noted that even though this Court, under the facts presented here, rejects the conclusions reached by these other bankruptcy courts and does not grant the Motion for Summary Judgment, it is empowered to annul the automatic stay. 11 U.S.C. § 362(d). Thus, it would be inclined to annul the stay to ratify the actions of the state court or in the alternative permit entry of this final order post-petition.

Accordingly, it is hereby

ORDERED that the Motion for Summary Judgment be and hereby is denied without prejudice and for the reasons as hereinabove set out.

IT IS SO ORDERED.

Plaintiff files his second Motion for Summary Judgment and states as follows:

Pursuant to Bankruptcy Rule 7056 and F.R.C.P. 56(a), plaintiff moves this court to enter a summary judgment rendering and entering an order that holds defendant's $175,255.43 debt to plaintiff to be excepted from the impact of discharge, stating:

1. As the result of hearing conducted by the Chancery Court of St. Francis County, Arkansas, on and prior to January 21, 1986, the court issued its February 26, 1986, letter opinion, where it sets out its findings and conclusions. Those findings and conclusions were incorporated by reference in a Decree entered April 4, 1986, in the civil action styled *Lucille Morgan and Teresa Morgan, plaintiffs v. Randall Trent Morgan, individually, and as Trustee of the Ollie Harold Morgan Trust and as Executor of the Estate of Ollie Harold Morgan, Deceased, defendants.* That decision became final when the Arkansas Court of Appeals delivered its unpublished decision on May 11, 1988.

2. The Chancery Court ruled that defendant, while acting Trustee of the Ollie Harold Morgan Trust, committed fraudulent acts and was guilty of defalcation which caused the trust corpus to be diminished by at least $175,255.43.

3. Plaintiff commenced this adversary proceeding to establish that the judgment-debt awarded in the Chancery Court was not dischargeable because it was within the purview of 11 U.S.C. § 523(a)(4). The elements of a cause of action under § 523(a)(4) were before the Chancery Court where the defendant was a party. Those issues were central to the prior determination.

4. On May 12, 1989, this court lifted the automatic stay to allow plaintiff's application to the Chancery Court of St. Francis County, Arkansas. That application sought post-petition ratification of the state court's Decree which was previously entered while the stay was in place.

5. On June 8, 1989, the chancery court ratified its prior Decree and entered its Order Ratifying Prior Findings and Conclusions and Decree entered April 4, 1989. That order was entered June 14, 1989, and is now final.

6. Res judicata precludes this court from relitigating the issues that were actually, or should have been, presented to the state court. All facts having previously been finally and judically determined, no genuine issue of any material fact exists.

7. In support of this motion, plaintiff refers to the authenticated copy of the Decree of the Chancery Court, the complete trial court record (except for the box of exhibits, which are also incorporated by reference and which remain in the custody of the Clerk of the Arkansas Supreme Court), and a copy of the Abstract and Brief of Appellate which was filed with the appellate court clerk on November 6, 1987. These documents were either attached to the Motion for Summary Judgment filed with the clerk of this court on June 9, 1988 or filed contemporaneously with that clerk in support of that motion. They are tendered in support of this motion as if they were actually attached or filed with the clerk contemporaneously with this motion. They are denominated Exhibits A, B, and C, respectively.

8. In further support of this motion, plaintiff incorporates and attaches as Exhibit D, a certified copy of the Chancery Court's Order Ratifying Prior Findings and Conclusions and Decree entered April 4, 1986.

The Plaintiff also attaches a Brief in Support of his second Motion.

The Defendant asks this Court to deny the Motion and urges the Court to allow a trial in the matter before the bankruptcy court. The Defendant attaches a Brief in Support of his opposition, but it simply incorporates "by specific reference" the "initial brief filed on his behalf."

█ This matter requires the Court to address the preclusive effect of an earlier civil non-jury determination of fraud on a subsequent bankruptcy proceeding under § 523(a) of the Bankruptcy Code. The issue is whether the earlier trial precludes redetermination of the issue of fraud. The

debtor, of course, contends that while some elements were applied, a lesser standard of proof was used in the initial proceeding than is required to prove fraud under federal bankruptcy law. Specifically, the debtor asserts that fraud was not proved by clear and convincing evidence, the standard required under federal bankruptcy law, and hence, he is entitled to a new trial on the issue of fraud.

The state court Chancellor, after a lengthy trial, filed his Memorandum Opinion incorporating findings of fact and conclusions of law as authorized by Rule 52(a) of the A.R.C.P. Attachment "A". At the conclusion of the Memorandum Opinion, the Chancellor directs attorneys for the Plaintiff to prepare a precedent. They did so and submitted it to the Chancellor for signature and entry on the court's docket. Attachment "B".

A review of the state court's Memorandum Opinion does not provide a clear answer with regard to what standard that court used to make its final determination that the debtor had defrauded the Plaintiff. The Court has reviewed the entire Memorandum Opinion which reveals that a trial was held to permanently remove the debtor as executor of a decedent's estate. The court had previously entered an order temporarily removing him because of "misconduct." *Infra,* p. 579, Attachment "A". The court concluded he should be permanently removed because:

> The record in this case is complete and clearly establishes that the trustee has repeatedly violated the "standard rules" relating to a fiduciary's conduct.

> Randall Morgan is guilty of perjury committed as executor, breach of loyalty, mingling trust funds with the trustee's individual funds, self-dealing, self-employment, lack of adequate record keeping, improper expenditures, improper charges, misappropriations, concealment, unauthorized borrowing from the trust estate, and conversion of assets from both the trust and estate conflicts of interest and encumbering the trust assets without court authority.

> The record in this case is replete with evidence showing bad motive and willful purpose to deplete or injure the trust estate.

> The Court finds that Randall Morgan has failed to perform the duties imposed upon him by law.

> Where a trustee is guilty of an abuse of discretion, ... the court may remove him and appoint a new trustee. *Infra,* pp. 579–80, Attachment "A".

The court went on to also deny the debtor any compensation because he had "repudiated and intentionally mismanaged" the trust. Finally, the court responded to Morgan's requests for relief, i.e., "if Randall Morgan owes the trust or if the trust owes Randall Morgan." *Infra,* p. 580, Attachment "A". The Court recited the provisions of the trust as well as the financial records, detailing Morgan's activities as trustee and concluded that "it was the duty of the Trustee to administer the trust properly.... *The burden of proving that his actions conform to the standard of this duty falls upon the trustee, not the beneficiary.* [Emphasis added] This Randall Trent Morgan cannot demonstrate." *Infra,* p. 581, Attachment "A". The Court concluded under that standard that Morgan owed the estate, and that he failed to establish that he was entitled to any compensation.

It is noteworthy that the Chancellor, in his Memorandum Opinion, did not use the word "fraud." This characterization of Morgan's activities does not appear until the final "Decree" which was prepared by the prevailing party. See *infra,* p. 584 par. 3, Attachment "B".

The Eighth Circuit Court of Appeals has recently reviewed the burden of proof under § 523(a) of the Bankruptcy Code. *In Re Garner,* 881 F.2d 579 (8th Cir.1989).

> The burden of proof for fraud or any of the other exceptions from discharge under Section 523(a) of the Bankruptcy Code is far from clear. The Bankruptcy Code is silent as to the burden of proof necessary to establish an exception to discharge under section 523(a), including the exception for fraud. Both the appel-

late courts and the bankruptcy courts are split as to whether the standard is clear and convincing evidence or preponderance of the evidence.

There are six circuits that have commented on the burden of proof for fraud under section 523(a). *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1262 (11th Cir.1988); *Combs v. Richardson*, 838 F.2d 112, 116 (4th Cir.1988); *Matter of Van Horne*, 823 F.2d 1285, 1287 (8th Cir.1987); *In Re Phillips*, 804 F.2d 930, 932 (6th Cir.1986); *In Re Black*, 787 F.2d 503, 505 (10th Cir.1986); *In Re Hunter*, 780 F.2d 1577, 1579 (11th Cir.1986); *In Re Kimzey*, 761 F.2d 421, 423–24 (7th Cir.1985). Only the Fourth Circuit has adopted the preponderance of the evidence standard. *Combs v. Richardson*, 838 F.2d 112, 116 (4th Cir.1988). We, however, have followed the majority rule and applied the clear and convincing standard. *Matter of Van Horne*, 823 F.2d at 1287.

The circuits applying the clear and convincing standard have offered various explanations. All the circuits cite to various bankruptcy court decisions applying the clear and convincing standard. Two of the circuits cite to 3 *Collier on Bankruptcy*, para. 523.08 (15th Ed.1989) which states without explanation that the appropriate burden of proof is the clear and convincing standard. *In Re Phillips*, 804 F.2d 930, 932 (6th Cir.1986); *In Re Black*, 787 F.2d 503, 505 (10th Cir. 1986). Two of the circuits state that the clear and convincing standard is necessary to overcome the presumption of innocence. *In Re Black*, 787 F.2d 503, 505 (10th Cir.1986); *In Re Hunter*, 780 F.2d 1577, 1579 (11th Cir.1986). Three circuits offer no rationale at all for favoring the more stringent standard. *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1262 (11th Cir.1988); *In Re Phillips*, 804 F.2d 930, 932 (6th Cir.1986); *In Re Kimzey*, 761 F.2d 421, 423–24 (7th Cir.1985). This Circuit concluded that the stricter standard was appropriate since the general policy of bankruptcy is to provide the debtor with the opportunity for a fresh start and the courts should, there-

by, construe provisions of the Bankruptcy Code favoring the debtor broadly. *Matter of Van Horne*, 823 F.2d at 1287.

We are not persuaded to alter our view of the proper standard of proof for fraud under section 523 of the Bankruptcy Code by the arguments of the Fourth Circuit. The Fourth Circuit reasoned, in concluding that all the exceptions to discharge contained in section 523 of the Code are governed by the preponderance of the evidence standard, that the balance of the "fresh start" policy and the policies implicitly announced by Congress when it created the exceptions to discharge does not require a heightened standard of proof. *Combs v. Richardson*, 838 F.2d 112, 116 (4th Cir.1988). We are not convinced. While the legislative history is scant on this issue, we feel that it is fair to presume that Congress was aware that the prevailing view at the time of adoption was that fraud, for both section 523 and state common law purposes, had to be proved by clear and convincing evidence. In addition, the Fourth Circuit's manner of interpretation effectively reads the "fresh start" policy out of any provision of the Code, provided that provision could be interpreted as conflicting with the "fresh start" policy. We do not believe that principles of statutory interpretation dictate such a reading where Congress has not expressly announced a contrary result. Therefore, we continue to follow the standard set forth in *Matter of Van Horne*, 823 F.2d 1285, 1287 (8th Cir.1987).

■ The burden of proof in demonstrating that a particular debt owed falls within the statutory exception to discharge is on the creditor. *Matter of Campbell*, 74 B.R. 805 (Bkrtcy.M.D.Fla.1987); *In Re Salamone*, 71 B.R. 69 (Bkrtcy.E.D.Pa.1987); *In Re Magnusson*, 14 B.R. 662 (Bkrtcy.N.D.N.Y.1981). The creditor must prove *its* case by a clear and convincing standard of evidence. *In Re Tilbury*, 74 B.R. 73 (9th Cir.B.A.P.1987); *In Re Bonnett*, 73 B.R. 715 (Bkrtcy.C.D.Ill.1987); and *In Re Gallagher*, 72 B.R. 830 (Bkrtcy.N.D.Ind.1987).

The Court, after a thorough review of the Chancellor's opinion as well as the re-

cent Eighth Circuit opinion on this issue, cannot conclude that the earlier trial precludes a redetermination of the issue of fraud. The Court cannot conclude that the state court used the identical standard to render judgment against Morgan as the bankruptcy court would use to determine that a debt should be excepted from discharge based on fraud. In fact, the burden of proof fell upon Morgan to prove his actions conformed to the standards required of a Trustee administrating an estate.

The Court has reviewed the Motion for Summary Judgment as well as the response and brief submitted. The Court finds that the Motion should be denied. The Court finds that the better course to follow would be to proceed with a trial of those issues still remaining. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1985).

Accordingly, it is hereby

ORDERED that the Second Motion for Summary Judgment is denied.

IT IS SO ORDERED.

ATTACHMENT A

February 26, 1986

Mr. Jimason Daggett
Attorney at Law
P.O. Box 646
Marianna, Arkansas 72360

Mr. John N. Killough
Attorney at Law
P.O. Box 373
Wynne, Arkansas 72396

Mr. William B. Howard
Attorney at Law
P.O. Box 1491
Jonesboro, Arkansas 72403

Mr. DeLoss McKnight
Attorney at Law
108 Mississippi Street
Wynne, Arkansas 72396

Re: Morgan cases

Gentlemen:

The Court files this memorandum opinion incorporating its findings of fact and conclusions of law as authorized by Rule 52(a) of the *ARCP*.

Ollie Morgan died testate in St. Francis County, Arkansas, on February 6, 1984. His will was admitted to probate and on February 24, 1984, his nephew, Randall Morgan—nominated in the will—was appointed personal representative.

After his appointment, he presented his inventory. Thereafter, exceptions to the inventory were filed.

On May 5, 1985, the Court removed Randall Morgan, *pendente lite*, and found that he and his father were indebted to the estate in substantial sums. This latter ruling is presently on appeal. The Court surcharged the account of the appellant as personal representative.

Permanent removal of a trustee is a drastic action and proof of the need for such remedy must be clear. Especially is this so where, as here, the person named as trustee enjoyed the special confidence of the decedent as evidenced by his appointment.

A Court may remove a trustee if his continuing to act is detrimental to the interests of the beneficiary. The matter is one for the exercise of reasonable discretion by the Court.

There are a wide variety of grounds for removal of a trustee from office. These grounds are set forth in Sec. 107 of the *Restatement of Trusts*.

The Court has previously removed Randall Morgan as executor of the decedent's estate because he was guilty of such misconduct as personal representative as to cause his removal. Evidence of misconduct as executor is relevant in this action. *Hargraves v. Hargraves*, 14 Ark.App. 230, 686 S.W.2d 816 (1985).

Broadly stated, it is the role of the trustee to administer the trust, to exercise care and to carry out the trust administration in good faith.

The record in this case is complete and clearly establishes that the trustee has repeatedly violated the "standard rules" relating to a fiduciary's conduct.

Randall Morgan is guilty of perjury committed as executor, breach of loyalty, mingling trust funds with the trustee's individual funds, self-dealing, self-employment, lack of adequate record keeping, improper expenditures, improper charges, misappropriations, concealment, unauthorized borrowing from the trust estate, and conversion of assets from both the trust and estate, conflicts of interest and encumbering the trust assets without court authority.

The record in this case is replete with evidence showing bad motive and willful purpose to deplete or injure the trust estate.

It is an elementary principle in the law of trusts that in the execution of a trust the trustee is bound to comply strictly with the terms of the trust; the directions contained in the trust instrument define the trustee's powers and duties and are the extent and limit of his authority.

The Court finds that Randall Morgan has failed to discharge his trust and has failed to perform the duties imposed upon him by law.

Where a trustee is guilty of an abuse of discretion, (under such circumstances that it appears that he is an unfit person to act as trustee), the Court may remove him and appoint a new trustee.

Mr. Morgan's removal from office is made permanent.

As in the case of other breaches of trust, the Court may deny compensation. There is no definite rule as to the effect of a breach of trust upon the trustee's right to compensation, but the matter rests in the sound discretion of the Court. *Restatement of Trusts*, Sec. 243.

In the exercise of the Court's discretion the following factors are considered; (1) whether the trustee acted in good faith or not; (2) whether the breach of trust was intentional or negligent or without fault; (3) whether the breach of trust related to the management of the whole trust or related only to a part of the trust property; (4) whether or not the breach of trust occasioned any loss and whether if there has been a loss it has been made good by the trustee; (5) whether the trustee's services were of value to the trust.

The trustee has repudiated and intentionally mismanaged the trust and is allowed no compensation. The Court is not imposing this sanction as a penalty for committing a breach of trust but imposes the ruling on the ground that he has not properly performed the services for which compensation is given.

The Court will next address the relief sought by Randall Morgan.

The Court must decide if Randall Morgan owes the trust or if the trust owes Randall Morgan.

A trustee has such powers as are specifically conferred by the terms of the trust and those necessary for the carrying out of the trust provisions which are not prohibited by the terms of the instrument.

The expression "terms of the trust" is not limited to express provisions of the trust instrument, but includes whatever may be gathered as to the intention of the settlor from the trust instrument as interpreted in the light of all circumstances, and any other indication of the Settlor which is admissible in evidence. *Lindsay vs. White*, 212 Ark. 541, 206 S.W.2d 762 (1947) (quoting *Restatement of Trusts* Sec. 186, comment d) See, Bowen, *Powers of the Trustee of an Express Trust in Arkansas*, 2 Ark.L. Rev. 153 (1948).

The extent of the powers conferred upon the trustee does not depend only on the language used by the settlor in creating the trust but may depend also upon the purposes for which the trust was created.

In the trust instrument, the settlor stated:

1. *Basic Premise:*
I am the owner of substantial assets, real and personal property, in St. Francis and Cross Counties, Arkansas. I am financially secure, and my personal needs are

limited. It is my desire, by the execution of this document, to establish a trust to assure and guarantee the support, care and maintenance of my daughter, Teresa Lynne Morgan.

6. *Purpose of Trust:*

The purpose of this trust is to make disposition of my property ..... so that the same may be preserved intact without loss by dissipation, disagreement, or on my death, for the use and benefit of Teresa.

7. *Distribution of Income:*

It is my desire and intention that Teresa be provided for from the income of this trust with the necessaries of life, including food, shelter, clothing and education, and I direct that my trustee expend for her benefit such sums as are necessary to the maintenance of those. At the same time, I recognize that it is not in her best interests that she be given unlimited funds or that her standard of living be inconsistent with like children or young adults. It is my desire that she learn and develop a sense of responsibility about financial matters so that this trust and the assets thereof after its termination, will be sufficient to care for her, and hopefully, her children. Therefore, I direct that my trustee use his sound discretion in determining under what circumstances and in what amounts payments are made to her or for her benefit from the income of the trust. On the other hand, if the income of this trust is insufficient to care for any medical or other emergency which may arise, my trustee is empowered to invade the corpus of this trust to the extent absolutely necessary to provide emergency medical care or such other mandatory payment as may be necessary for her maintenance.

12. *Powers of Trustee:*

.......Randall has and is now farming lands owned by me and to be conveyed to the trust, and has existing lease agreements covering these lands. I recognize that he will, for that reason, be dealing with himself as fiduciary and trustee from time to time, and state my trust in his good faith and honesty in so doing.

14. *Annual Accounting:*

On each anniversary date of the execution of this trust, my trustee shall file an accounting of receipts and disbursements with the Chancery Court of St. Francis County, Arkansas, for approval by the Court.

On the date the trust was executed, its financial status was as follows:

| | |
|---|---|
| Cash | $15,247.11 |
| Certificate of Deposit | 79,000.00 |
| Crops (unsold), certain machinery (per trust) and 1,009 acres of unencumbered farm land | |

Approximately one year later, the cash was expended, the certificate of deposit spent, a $100,000.00 mortgage placed on a portion of the lands that were previously debt free, the unsold crops gone, and the 1983 and 1984 rents expended.

The $100,000 unauthorized mortgage has accrued substantial interest of approximately $19,000.00. As stated, this loan was made without Court authority and without the knowledge or consent of the beneficiary.

A trustee's breach of his duty of good faith comes within the maxim that "equity will not aid one who comes into Court with unclean hands."

The only provision the trustee made for Teresa was to provide money for her to buy clothing to wear to her father's funeral, money for school clothing and money for gasoline expenses for her father's truck. These monetary contributions ($1,500.00) were nominal when compared with the large payments the trustee made to himself.

A trustee should seek to accomplish the results which the Settlor desired. It was the duty of the trustee to administer the trust properly. Sec. 169 of the *Restatement of Trusts.*

The burden of proving that his actions conform to the standard of his duty falls

582

upon the trustee not upon the beneficiary. This Randall Morgan cannot demonstrate.

The Court has reviewed its trial notes. Many notations are found to the following effect: "no documentation," "no time frame," "invoice does not establish payment."

A trustee is under a duty to the beneficiaries of the trust to keep clear and accurate accounts. *Restatement of Trusts,* Sec. 172. His accounts should show what he has received and what he has expended. They should show what gains have accrued and what losses have been incurred on changes of investments.

If the trustee fails to keep proper accounts, all doubts will be resolved against him and not in his favor. The trustee alone is in a position to know all the facts concerning the administration of the trust, and obviously he cannot be permitted to gain any possible advantage from his failure to keep proper records. Such expenses and costs as may be incurred because of the failure of the trustee to keep proper accounts are not chargeable against the trust estate but are chargeable against the trustee personally. Not only must he keep accounts, but he must render a timely accounting when called upon. The settlor imposed this duty on the trustee. This Randall Morgan has not done.

At best, the trustee records are suspect. This is evident when one examines the invoices regarding machine hire.

The invoices and time records were prepared by the trustee.

The trustee's records regarding the peach orchard are also suspicious.

Randall Morgan testified in relation to invoice No. 0112 that he placed 750 trees on "Ollie's place." Perhaps there is some argument regarding interpretation of invoice No. 0057. However, the physical count made by Bobby Webb establishes beyond question that only 210 trees were replaced in the whole orchard. And Randall Morgan was establishing an orchard on his own property during the same time period.

Although the trustee testified he expended the trust's assets to "save the land," in truth, his efforts did not generate enough income to service the mortgage debt and to pay the taxes.

The fallacy of Mr. Morgan's position regarding his activities becomes apparent when one considers what he spent in Colby Valley as compared to the peach orchard in St. Francis County.

In the case of *Grayson v. Hughes,* 166 Ark. 173, our Court held:

A trustee is not entitled to reimbursement for unauthorized improvements on the trust property, especially where he does not show what value they added to the property.

Herein lies the problem. The trustee asks for indemnity and asks the Court to approve large expenditures for alleged land improvements.

The Court does not doubt that some work was done. However, these expenditures were not properly made. They were imprudent. The trust has been squeezed dry and is left with very few unencumbered assets.

A trustee is not entitled to indemnity except to the extent the trust has been benefited. If a trustee exceeds his powers in incurring an expense and no benefit is conferred thereby upon the trust estate, he is not entitled to indemnity for the expense thus incurred.

In this case, these unauthorized expenditures of trust assets were to the serious detriment to the permanent interests of the *cestui que trust.*

For the reasons stated, the Court finds that the former trustee is not entitled to be indemnified for any amounts he may have expended improperly.

The expenses incurred by the trustee to "save the land" in Cross County cannot be approved because they were unauthorized and have not benefited the land.

Little net income has been produced from the entire farming enterprise.

The expenses incurred by the trustee in St. Francis County were unauthorized and

under the present set of circumstances it is difficult to see how the estate has been benefited.

The Court finds that a portion of the funds the trustee expended in St. Francis County should be sanctioned. The Court approves $10,000.00 for ditch work and general reclamation of the old peach orchard in St. Francis County.

The trustee is allowed an offset of $1,000.00 for the tank car and pipe.

The Court is mindful of the argument that Ollie Morgan received $8,967.02 from the trust during his lifetime. Invoice 0109 is not conclusive and the Court is unable to resolve this issue. The former trustee is held accountable for this sum.

The Court is mindful that there was testimony that Ollie Morgan observed the work in progress and made no objection. The Court does not find this testimony credible. Testimony of an interested party will not be considered as undisputed. *Davis vs. Oaks*, 187 Ark. 501, 60 S.W.2d 572.

A trustee is chargeable in his accounting with interest for which he is liable as a consequence of some breach of duty in the administration of the trust. See 45 Am. Jur.2d *Interest and Usury*, Sec. 44, 72, 91, 93.

In conclusion, and noting the exceptions above, the trustee's accounts are surcharged and judgment entered in accordance with this opinion.

The Court must address the remaining issues of standing and the question concerning the lease.

The 1986 farm year is fast approaching. This matter needs to be addressed shortly. If it is not, the Court will consider granting the Receiver this authority for this year.

Messrs. Daggett and McKnight will prepare the precedent and submit it to opposing counsel for review.

A copy of this opinion will be filed with the Clerk and will become a part of the record herein.

(s) John M. Pittman
Chancellor and Probate Judge

ATTACHMENT B

In the Chancery Court of St. Francis County, Arkansas

58–749

NO. CH–84–93

Lucille Morgan, Plaintiff

vs.

Randall Morgan, et al, Defendants

DECREE

Filed April 4, 1986

On the 21st day of January, 1986, hearings on the accounting of Randall Morgan, as Trustee of the Ollie Harold Morgan Trust, and the Petition to remove him as Trustee of said Trust, were finally concluded, the said Randall Morgan appearing therein in person and being represented by his attorneys, John N. Killough and William B. Howard, and Lucille Morgan, individually, appearing in person and being represented by her attorney Jimason J. Daggett, and Lucille Morgan, as personal representative of the estate of Ollie Harold Morgan, deceased, being represented by her attorney DeLoss McKnight, and Teresa Morgan, the cestui que trustent under said express trust above mentioned, appearing in person and being represented by her guardian and attorney, DeLoss McKnight; and these matters were presented to the Court upon long and extended testimony of witnesses, documentary proof, arguments and briefs of counsel, and other relevant evidence, from all of which the Court finds and orders:

1. Under date of February 26, 1986, this Court has filed herein its Memorandum Opinion, incorporating its findings of fact and conclusions of law as authorized by Rule 52(A) of the Arkansas Rules of Civil Procedure. A copy of this opinion is made a part of the record in this case and is incorporated into this decree by reference, to the same extent as if each and every statement therein were expressly set forth herein.

**584**

2. This Court has previously entered a temporary order removing Randall Morgan as Trustee of the above mentioned Trust. This temporary order is now made permanent and Randall Morgan is forthwith discharged and removed as Trustee of said Trust. DeLoss McKnight is hereby named and appointed Trustee of said Trust and given all the powers and authorities conferred upon the trustee by the original Trust executed by the settlor, Ollie Harold Morgan, under date of July 19, 1983.

3. The Court finds, from a complete, detailed and in-depth examination, item by item, of Randall Morgan's accounting as Trustee of said Trust, from its inception to the date of his temporary removal as Trustee, that because of his fraudulent and illegal conduct while acting in his fiduciary capacity his account should be surcharged, after giving him credit for $10,000.00 expended by him for ditch work and general reclamation of the old peach orchard in St. Francis County and $1,000.00 for his purchase and installation of tank car and pipe for drainage purposes on the trust lands, in the total sum of $175,255.43.

IT IS, THEREFORE, CONSIDERED, ORDERED, AND ADJUDGED that the Ollie Harold Morgan Trust, and Teresa Morgan, the sole nominal cestui que trustent thereof, be and they are hereby granted a judgment against Randall Morgan in the total sum (principal and interest as of this date) of $175,255.43, which said judgment shall bear interest from this date until paid at the rate of ten percent (10%), for all of which execution may issue. This judgment, now so rendered against the said Randall Morgan in favor of the Trust and Teresa Morgan, represents monies due them from him in his fiduciary capacity as Trustee of the express trust created by Ollie Harold Morgan dated July 19, 1983.

The Court retains jurisdiction of this matter to hear additional proof, if any there be, relating to the cancellation of all leases and contracts which the former Trustee, Randall Morgan, had with Ollie Morgan.

SIGNED this 2nd day of April, 1986.

(s) John M. Pittman

CHANCELLOR