945 F.2d 411
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Dale LUTHI and Marcia Luthi, Debtors.
WESTWAY PARTNERS, Plaintiff-Appellee,
v.
Dale LUTHI, Defendant-Appellant.
 No. 91-3005.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 26, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals from the district court's decision affirming the bankruptcy court's determination, following trial to that court, that a debt owed by defendant to plaintiff was nondischargeable under 11 U.S.C. § 523(a)(2)(A). The issue presented on appeal is whether plaintiff established that defendant obtained the money underlying this debt under false pretenses. Reviewing the bankruptcy court's legal determinations de novo and the bankruptcy court's factual findings under a clearly erroneous standard, see Branding Iron Motel, Inc. v. Sandlian Equity, Inc. (In re Branding Iron Motel, Inc.), 798 F.2d 396, 399-400 (10th Cir.1986), we affirm.
 
 
 3
 Defendant entered into a contract to pasture plaintiff's cattle during the summer of 1986. Under the terms of this contract, defendant bore the full responsibility for pasturing and caring for approximately 2,500 head of plaintiff's cattle. The contract prohibited defendant from encumbering "or otherwise [allowing] any lien to be placed on the cattle." In order to fulfill his obligations under the contract, defendant leased pastures under several lease agreements, obligating defendant to pay approximately $70,000 in rent.
 
 
 4
 Plaintiff agreed to compensate defendant according to the weight gained by the cattle during the summer months. Pursuant to the parties' pasture agreement, however, plaintiff advanced defendant the sum of $42,806 in May, after plaintiff completed delivery of the cattle to defendant's pastures. Defendant applied almost the full amount of this advance toward payments due under two farm loans and several other debts.
 
 
 5
 Defendant failed to pay any of the pasture rent due under the pasture lease agreements. In September, plaintiff had to pay in full defendant's rent obligations under these pasture lease agreements in order to release the lessors' liens on plaintiff's cattle.
 
 
 6
 Plaintiff filed an objection to the discharge in bankruptcy of defendant's debt owed to plaintiff as a result of defendant's breach of the cattle pasture contract, asserting that this debt was nondischargeable because it was obtained under false pretenses or false representations. 11 U.S.C. § 523(a)(2)(A).[1] The bankruptcy court determined that defendant had obtained the $42,806 advance under false pretenses. The bankruptcy court found that defendant signed the cattle pasture contract and, thus, asserted his intention of fulfilling his obligations under the contract, without any reasonable hope of being able to do so, making defendant's debt in the amount of $42,806 nondischargeable under section 523(a)(2)(A). The district court affirmed the bankruptcy court's determination. Defendant appeals.
 
 
 7
 On appeal, defendant argues that the bankruptcy court erred in determining that plaintiff had met its burden of establishing the nondischargeability of the debt. See Driggs v. Black (In re Black), 787 F.2d 503, 505 (10th Cir.1986). In order to establish that defendant obtained the money underlying this debt under false pretenses, plaintiff had to establish that defendant made a false representation, knowing at the time that he made the representation that it was false, with the intent to deceive plaintiff, and that plaintiff relied upon the misrepresentation to its detriment. See Federal Deposit Ins. Corp. v. Maranzino (In re Maranzino, 67 Bankr. 394, 397 (Bankr.D.Kan.1986).
 
 
 8
 Although the bankruptcy court required plaintiff to establish its objection to dischargeability by clear and convincing evidence, the Supreme Court has since determined that a plaintiff objecting to discharge of a debt in bankruptcy need establish its claim only by a preponderance of the evidence. Grogan v. Garner, 111 S.Ct. 654, 660-61 (1991). Because we determine that plaintiff met its burden under either of these standards, Grogan does not affect the resolution of this appeal.
 
 
 9
 After careful review of the record, we determine that the bankruptcy court's decision was not clearly erroneous. For substantially the reasons stated in the district court's memorandum and order entered November 28, 1990, we AFFIRM the district court's affirmance of the bankruptcy court's determination that the debt was nondischargeable under 11 U.S.C. § 523(a)(2)(A).
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff also sought to exempt this debt from discharge under 11 U.S.C. § 523(a)(6) as a debt for the willful and malicious injury by debtor to another entity. The bankruptcy court rejected this second ground for nondischargeability